# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DIANE SWINNEY,

    Plaintiff,

v.                                             No. CIV 08-227 MV/ACT

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign corporation,
STATE FARM ADJUSTER CODY CHAVEZ,
and JOHN DOES 1-3,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reconsideration of the Court's Memorandum Opinion and Order [Doc. 131] Granting Plaintiff's Motion for Reconsideration. (Doc. No. 137, filed June 30, 2009). For the reasons stated below, the Court will **GRANT** the Motion. This case is **TRANSFERRED** to the United States District Court for the District of Kansas.

**Background**

Defendant State Farm Fire and Casualty Co. filed a motion for transfer of venue to the District of Kansas. (Doc. No. 22, filed June 27, 2008). The Court granted the motion based primarily on the convenience of witnesses, several of which would have to travel between 650 and 920 miles if the trial was held in Albuquerque compared with 6 to 243 miles if the trial was held in Kansas City. (Memorandum Opinion and Order at 3,5, Doc. No. 100, filed February 25, 2009).

Plaintiff then filed a motion (Doc. No. 103, filed March 4, 2009) asking the Court to reconsider its Order transferring venue on the ground that maintaining venue in the District of New Mexico will no longer inconvenience the witnesses because, after the motion to transfer venue was

filed, discovery was completed "and most of the depositions that were taken were videotaped for presentation at trial. It is anticipated that both parties will use the video taped depositions rather than call the parties live regardless of where the trial takes place." (Reply at 3, Doc. No. 108, filed March 31, 2009). Defendant did not address the use of videotaped depositions in its Response (Doc. No. 104, filed March 18, 2009). The Court concluded that the use of videotaped depositions eliminated the inconvenience of witnesses traveling to New Mexico for trial and vacated its Order transferring this case to the District of Kansas. (Doc. No. 131, filed May 15, 2009).

**Defendant's Motion for Reconsideration**

Defendant now asks the Court to reinstate its Order transferring this matter to the District of Kansas on the ground that Plaintiff's counsel misrepresented that the videotaped depositions would be used at trial. (Motion at 4, 10). Defendant states that it did not agree that depositions were being taken for presentation, did not conduct cross-examination of several witnesses during their depositions, and did not elicit trial testimony from others. (Motion at 6-7). Defendant also states that seven witnesses, none of which is in New Mexico, have not had their deposition taken and thus will be required to appear in person at trial. (Motion at 6).

Plaintiff argues that she took the depositions for trial. (Response at 2, Doc. No. 140, July 14, 2009). However, her Notices of Taking Deposition state only that "these depositions *may* be used at trial." (Response at 2; *emphasis added*). Plaintiff also argues that she has withdrawn witnesses and that witnesses who are more than 100 miles from the place of trial are not subject to New Mexico subpoenas and thus will not be required to appear at trial. (Response at 2).

The Court is not persuaded by Plaintiff's argument. Defendant has met its burden of showing that the District of New Mexico is an inconvenient forum for many of the witnesses. *See*

2

*Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) ("The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."). The Court will not allow depositions to be used in place of live testimony where the parties did not agree that the depositions would be used at trial instead of live testimony and where one party did not cross-examine the witnesses or elicit trial testimony during the depositions. *See Lear v. Equitable Life Assurance Soc'y*, 798 F.2d 1128, 1135 (8th Cir. 1986) (the Court has broad discretion in determining whether a deposition may be used and abuses its discretion if its determination results in fundamental unfairness).

This case is transferred to the United States District Court for the District of Kansas.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2010.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

*Attorneys for Plaintiff*:

M. Terrence Revo
Roger I. Smith
10400 Academy Rd. NE Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Rd. NE Suite 240
Albuquerque, NM 87111

*Attorneys for Defendants:*

Christopher J. DeLara
Terry R. Guebert
Lisa Marie Bolle
P.O. Box 93880
Albuquerque, NM 87199

3