# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DIANE SWINNEY, )
 )
      **Plaintiff,** )
 ) CIVIL ACTION
v. )
 ) Case No. 10-2021-CM
STATE FARM FIRE AND CASUALTY )
COMPANY, )
 )
      **Defendant.** )
 )

## MEMORANDUM AND ORDER

This case was transferred to the District of Kansas from the District of New Mexico on January 15, 2010. At the time of transfer, the case had a number of motions pending. The court now takes up three of those motions: Plaintiff's Motion for Reconsideration of the Court's Order [Doc. 145] Granting Motion to Strike Plaintiff Diane Swinney's Expert Contractor Steven Ortwein (Doc. 150); plaintiff's Motion to Extend Expert Disclosure Deadline and Discovery Deadline (Doc. 151); and Defendant State Farm Fire and Casualty Company's Motion to Strike Plaintiff Diane Swinney's Second Supplemental Rule 26 Expert Disclosure (Doc. 152).

**I.**     **Plaintiff's Motion for Reconsideration of the Court's Order [Doc. 145] Granting Motion to Strike Plaintiff Diane Swinney's Expert Contractor Steven Ortwein (Doc. 150)**

Before transferring this case to the District of Kansas, Judge Martha Vazquez of the District of Mexico entered an order striking plaintiff's expert, Steven Ortwein, as a witness (Doc. 145, D.N.M. Case No. 08-227). Judge Vazquez entered the order on August 3, 2009. On August 13, 2009, plaintiff filed a motion to reconsider that order.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock*

*v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

Plaintiff's motion does not argue that any of the standards for reconsideration are met. Instead, plaintiff's motion focuses on fairness and justice. Plaintiff claims that Mr. Ortwein's testimony is essential to show the cost of repairing plaintiff's damaged home. Plaintiff argues that her failure to disclose Mr. Ortwein earlier was substantially justified or harmless, and that defendant will not be prejudiced because plaintiff has made, and will make, Mr. Ortwein available for deposition. Plaintiff then explains how the disclosure of Mr. Ortwein was necessary because plaintiff's previously-disclosed expert, Donivan Rogers, unforeseeably became unavailable. She emphasizes that there is no trial setting in this case, minimizing prejudice to the parties.

Plaintiff's motion fails to meet the standards for reconsideration. She merely makes arguments that she could have made earlier and reiterates arguments that Judge Vazquez already rejected. In her order, Judge Vazquez set out the background of the case and the deadline for expert disclosures, which was August 22, 2008. On August 22, 2008, plaintiff disclosed Mr. Rogers as her

expert. On January 26, 2009, plaintiff filed her First Amended Rule 26 Expert Disclosure, which stated that she was withdrawing Mr. Rogers as an expert and substituting Mr. Ortwein. Mr. Ortwein presented a theory of damage calculation that differed from that of Mr. Rogers. As Judge Vazquez noted, plaintiff did not seek an extension of time for disclosure of experts or discovery. The discovery deadline expired on February 2, 2009. Judge Vazquez struck Mr. Ortwein as an expert because plaintiff's disclosure was untimely and her disclosure did not comply with the written report requirements of Fed. R. Civ. P. 26. Judge Vazquez found that plaintiff's failure to comply with the Rule 26 expert disclosure requirements was neither substantially justified or harmless. Although Judge Vazquez did not specifically mention that she considered the factors identified in *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999), a district court is not required to explicitly make findings regarding substantial justification or harmlessness. 170 F.3d at 993. Judge Vazquez's analysis shows that she considered prejudice, the ability to cure in light of the discovery deadline seven days after disclosure of Mr. Ortwein, and plaintiff's desire to proceed to trial "at the Court's earliest convenience."

Plaintiff's arguments now before the court do not cast doubt on Judge Vazquez's holding. Plaintiff has not shown that there has been an intervening change in law, that new evidence is available, or that this court must overturn Judge Vazquez's decision to correct clear error or prevent manifest injustice. At best, plaintiff's argument is that she will suffer manifest injustice if Judge Vazquez's decision stands because she will not be allowed to present expert testimony of the cost of repairing her house at trial. Plaintiff may be correct to some degree; proceeding without the testimony of an expert may complicate the task of proving her case. But the Federal Rules and the court's orders are in place to promote justice, set clear standards for performance, and establish boundaries for actions. Plaintiff failed to comply with requirements of the court or the Federal

Rules. There are consequences for failure to comply. In this case, Judge Vazquez held that the consequences were that Mr. Ortwein should not be allowed to testify at trial. While Judge Vazquez's opinion may present a difficult situation for plaintiff, it is not unfair or improper. None of plaintiff's arguments merit reconsideration.

**II.     Plaintiff's Motion to Extend Expert Disclosure Deadline and Discovery Deadline (Doc. 151)**

Because the court denies plaintiff's motion for reconsideration, an extension of the time for expert disclosure and discovery is unnecessary and unwarranted. The only basis for plaintiff's motion was to allow time for the deposition of Steven Ortwein. The court denies plaintiff's motion.

**III.    Defendant State Farm Fire and Casualty Company's Motion to Strike Plaintiff Diane Swinney's Second Supplemental Rule 26 Expert Disclosure (Doc. 152)**

After Judge Vazquez granted defendant's motion to strike Steven Ortwein, plaintiff filed a second supplemental Rule 26 expert disclosure, providing more information about Mr. Ortwein. But at the time plaintiff filed this supplemental disclosure, the court had already ruled that Mr. Ortwein could not testify at trial. The court had not allowed additional time for disclosures. This court has now held that it will not reconsider Judge Vazquez's order. Plaintiff's supplemental disclosure is out of order, and the court strikes it from the record.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration of the Court's Order [Doc. 145] Granting Motion to Strike Plaintiff Diane Swinney's Expert Contractor Steven Ortwein (Doc. 150) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Extend Expert Disclosure Deadline and Discovery Deadline (Doc. 151) is denied.

**IT IS FURTHER ORDERED** that Defendant State Farm Fire and Casualty Company's

Motion to Strike Plaintiff Diane Swinney's Second Supplemental Rule 26 Expert Disclosure (Doc. 152) is granted.

Dated this 8th day of February 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**