# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2021-CM |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This case involves an insurance dispute. Plaintiff Diane Swinney claims that her insurance company, defendant State Farm Fire and Casualty Company, failed to properly investigate and pay a claim that plaintiff made for tornado damage to a house she owns in Kansas. She claims that defendant's actions breached their insurance contract. She further alleges that defendant's actions constituted bad faith, a breach of fiduciary duties, and a violation of the New Mexico insurance code and the New Mexico Unfair Practices Act.

The case was transferred to the District of Kansas from the District of New Mexico on January 15, 2010. The parties agree that the court should make a determination of law before the case proceeds in this court. Specifically, the parties have filed a Joint Motion for Partial Summary Judgment to Determine Substantive Law to be Applied to the Case Under Kansas Choice-of-Law Principles (Doc. 182) and each briefed their positions. Plaintiff asks the court to apply the substantive law of New Mexico to this case. Defendant asks the court to apply the substantive law of Kansas.

This case involves both a contract claim and tort claims. The parties agree that choice-of-law analysis is unnecessary regarding the contract claim, as no conflict of laws exists in that area. (*See*

Doc. 184, at 1 ("State Farm has no particular quarrel with the proposition that no contract conflict of laws exists. . . ."); Doc. 185, at 1–2 ("There has still been no showing that there is any actual conflict of law regarding the breach of contract claim.").) The court therefore does not address the contract claim. *See Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1575 n.18 (10th Cir. 1990) (declining to resolve the general question of which law applies because it was not materially different between the two states).

The court turns to an examination of which state's substantive law applies to plaintiff's tort claims. The court treats plaintiff's claims for bad faith/breach of fiduciary duty and violation of New Mexico laws as tort claims. *See Malone v. Univ. of Kan. Med. Ctr.*, 552 P.2d 885, 888–89 (Kan. 1976) (characterizing a violation of duties imposed by law as a tort); *Guidance Endodontics, LLC v. Dentsply Int'l Inc.*, 663 F. Supp. 2d 1138, 1150–51 (D.N.M. 2009) (characterizing claims under the New Mexico Unfair Trade Practices Act as torts).

Because this case was transferred to Kansas from New Mexico, this court must apply the conflicts law of New Mexico. *Ferens v. John Deere Co.*, 494 U.S. 516, 532–33 (1990). In New Mexico, for tort claims, the court applies the substantive law of the place where the wrong occurred. *Terrazas v. Garland & Loman, Inc.*, 142 P.3d 374, 377 (N.M. App. 2006). The place of the wrong is where the last act necessary to complete the injury took place. *Torres v. State*, 894 P.2d 386, 390 (N.M. 1995) (citations omitted). And a tort is not complete until plaintiff suffers a cognizable injury. *Cronin v. Sierra Med. Ctr.*, 10 P.3d 845, 850 (N.M. App. 2000) (citations omitted). The question before the court, therefore, is where the wrong occurred.

Plaintiff claims that her house in Kansas was hit by a tornado. Defendant inspected and reinspected the house in Kansas. Defendant also mailed its letter denying plaintiff's claim to the

home in Kansas. But plaintiff lives in New Mexico. She claims that as a result of defendant's bad faith actions, she had to hire an attorney and suffer frustration, anxiety, and stress, in addition to not being paid benefits under the policy.

Both parties argue that the answer in this case is clear: To defendant, there was one injury involved: the alleged tornado damage to the house in Kansas. To plaintiff, the injury is personal—and that personal injury could only be suffered where she lives, in New Mexico.

Defendant's position merges the injury to the house with the injury to plaintiff. Plaintiff's tort claims are that defendant took actions in bad faith *after* the tornado damaged her house. According to plaintiff, these actions cost her economically and emotionally. She suffered those injuries in New Mexico, and the court therefore determines that New Mexico substantive law applies to plaintiff's tort claims.

**IT IS THEREFORE ORDERED** that the Joint Motion for Partial Summary Judgment to Determine Substantive Law to be Applied to the Case Under Kansas Choice-of-Law Principles (Doc. 182) is granted in part and denied in part. The court need not determine which law applies to plaintiff's contract claim. New Mexico law applies to plaintiff's tort claims.

Dated this 30th day of March 2010, at Kansas City, Kansas.

                                          **s/ Carlos Murguia**
                                          **CARLOS MURGUIA**
                                          **United States District Judge**