# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2021-CM |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case involves an insurance dispute. Plaintiff Diane Swinney claims that her insurance company, defendant State Farm Fire and Casualty Company, failed to properly investigate and pay a claim that plaintiff made for tornado damage to a house she owns in Kansas. She claims that defendant's actions breached their insurance contract. She further alleges that defendant's actions constituted bad faith, a breach of fiduciary duties, and a violation of the New Mexico insurance code and the New Mexico Unfair Practices Act.

The court recently entered an order holding that New Mexico law applies to plaintiff's tort claims in this case. Now pending before the court is Defendant's Motion for Reconsideration of Memorandum and Order [Doc. 186] Applying New Mexico Law to Plaintiff's Tort Claims (Doc. 190).

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent

manifest injustice. *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505.

Defendant states that applying New Mexico law in this case is "manifestly unjust." (Doc. 190, at 7.) Defendant also generally argues that the court's order is "contrary to law, and impractical." (*Id.* at 6.) Defendant contends that this court's order is inconsistent with an order entered by the Judge Martha Vazquez of the District of New Mexico that transferred the case to Kansas. At length, defendant argues that plaintiff's initial filing of the case in New Mexico was improper, and that Kansas is the only proper venue for plaintiff's claims. Therefore, defendant contends, this court cannot hold that New Mexico law applies. These are arguments that defendant made previously in its response to plaintiff's motion to apply New Mexico law (Doc. 163, at 8–9.)

Defendant's arguments fail for two reasons. First, a motion to reconsider is not a proper place to reargue arguments that the court previously rejected. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Second, defendant confuses questions of venue with questions of substantive law. Notably, Judge Vazquez transferred the case to Kansas based on 28 U.S.C. § 1404, which allows the court to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." She ordered the case transferred based primarily on considerations of witness

-2-

convenience. (Doc. 167, at 2 ("Defendant has met its burden of showing that the District of New Mexico is an inconvenient forum for many of the witnesses."); D. N.M. Case No. 08-227, Doc. 100 (basing initial decision to transfer "primarily on the convenience of the witnesses"); D. N.M. Case No. 08-227, Doc. 131 (reconsidering initial decision to transfer case, deciding to keep the case in New Mexico, and stating, "The Court's conclusion that the District of New Mexico was an inconvenient forum was based primarily on the inconvenience of the witnesses having to travel to New Mexico for trial. The use of videotaped depositions eliminates that inconvenience.").) Judge Vazquez did not find that venue was improper in New Mexico under 28 U.S.C. § 1391(a)(2). She also did not make a finding regarding the substantive law that would apply in the case. This court's determination that New Mexico law applies to plaintiff's tort claims is not inconsistent with Judge Vazquez's earlier order transferring the case.

Defendant also argues that plaintiff's claims arise from alleged injury sustained in Kansas. The court has already addressed and rejected this argument. (Doc. 186, at 3.) Finally, defendant makes a number of policy arguments why it is inappropriate to apply New Mexico law in this case. These are arguments that defendant could have raised earlier. They are not proper as a basis for reconsideration.

As a final note, the instant motion for reconsideration is the fourth one that has been filed since the case was opened in New Mexico in March 2008. The parties filed three motions to reconsider while the case was pending in New Mexico. This is the first motion that has been filed in Kansas. While the court hesitates to discourage the parties from seeking reconsideration of its orders, the court wants to remind the parties of the narrow circumstances under which reconsideration is warranted. A motion to reconsider is not to be used to reargue why a party's position should prevail. *See Servants of Paraclete*, 204 F.3d at 1012. Nor is it to be used to raise

arguments that a party could have—and should have—raised in the first instance.  *Sithon*, 177 F.R.D. at 505.  "Clear error" and "manifest injustice" both have high standards that are not easily met.  The court encourages the parties to carefully consider whether a motion is warranted before seeking reconsideration in the future.  The court hopes to resolve this case in an efficient and effective manner.  *See Zapata v. IBP, Inc.*, No. 93-2366-EEO, 1995 WL 526527, at *1 (D. Kan. Sept. 1, 1995) ("Improper use of the motion to reconsider 'can waste judicial resources and obstruct the efficient administration of justice.'") (quoting *United States ex rel. Houck v. Folding Carton Admin. Comm.*, 121 F.R.D. 69, 71 (N.D. Ill. 1988)).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration of Memorandum and Order [Doc. 186] Apply New Mexico Law to Plaintiff's Tort Claims (Doc. 190) is denied.

Dated this 19th day of May 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**