IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY,<br>      Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY, a Foreign Corporation,<br>STATE FARM ADJUSTER CODY CHAVEZ,<br>and JOHN DOES 1 - 3,<br>      Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No: 10-2021-CM-JPO<br>)<br>)<br>)<br>) |

## STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DESIGNATION AND REPORT OF LARRY VORBA

State Farm Fire and Casualty Company ("State Farm") submits the following memorandum in support its motion to strike plaintiff's August 12, 2010 "supplemental" expert disclosure and report of structural engineer Larry Vorba.

### Nature of Matter Before the Court

This is an action for alleged breach of contract involving a tornado/wind-damage claim under a policy of homeowner's insurance. After determining that New Mexico law applies to plaintiff's cause of action for State Farm's alleged "bad faith" in denying the subject claim, the Court entered a Pretrial Order permitting discovery limited to "plaintiff's bad faith and unfair trade practice claims..." (Doc. 195, p. 27). State Farm subsequently deposed plaintiff's designated insurance expert, Steven Strezlec, and the previously mentioned limited discovery was thereby concluded.

But on August 12, 2010, plaintiff served upon State Farm a "Supplemental Expert Disclosure" wherein Larry Vorba, another expert previously designated by plaintiff, for the first time proffered a report containing opinions concerning "repair costs" for alleged claim-related property damage to plaintiff's Columbus, Kansas home. State Farm

therefore moves to strike the mentioned supplemental disclosure and report of Mr. Vorba on grounds that it is untimely and beyond bounds of the Pretrial Order and the Court's February 8, 2010 Order denying reconsideration of a prior Order striking plaintiff's damages expert, Steven Ortwein (Doc. 145), denying plaintiff's motion to extend expert designation deadline (Doc. 151), and granting State Farm's motion to strike plaintiff's second supplemental Rule 26 expert disclosure (Doc. 152). (Doc.176).

### Facts

1. After determining that New Mexcio law applies to plaintiff's cause of action for State Farm's alleged "bad faith" in denying the claim made the subject matter of this action, the Court entered an order permitting further discovery limited to "plaintiff's bad faith and unfair trade practice claims…" (Doc.195, p. 27).

2. State Farm subsequently deposed plaintiff's designated insurance expert, Steven Strezlec, and the limited discovery permitted by the Pretrial Order was thereby concluded.

3. On August 12, 2010, plaintiff filed her "Rule 26 FRCP Supplemental Expert Disclosures." (Doc. 201).

4. Plaintiff attached to this supplemental disclosure Mr. Vorba's August 11, 2010 "supplemental report" wherein Mr. Vorba for the first time expressed opinions about estimated "repair costs' for alleged claim-related damage to plaintiff's Columbus, Kanas home. (Mr. Vorba's supplemental report is attached as Exhibit A).

5. State Farm promptly corresponded with plaintiff's counsel pointing out that Mr. Vorba's supplemental designation and report constituted yet another attempt to untimely designate an expert for "repair cost" opinion testimony purposes, twice before denied by the Court, and demanded that plaintiff voluntarily withdraw her August 12,

2010 supplemental expert disclosure and report lest State Farm be impelled to file this motion to strike. (August 16, 2010 correspondence from State Farm counsel to plaintiff's counsel, copy attached as Exhibit B).

6. Plaintiff's counsel responded on August 18, 2010 stating that Mr. Vorba's supplemental designation and report was necessary in order to "complete" Mr. Strzlec's proffered opinion testimony that State Farm, in denying the subject claim, "failed to take the very minimum steps required in determining the cost of repair to the [plaintiff's] home and garage." (August 18, 2010 correspondence from plaintiff's counsel to State Farm counsel, copy attached as Exhibit C).

7. Plaintiff's counsel thus concluded that the supplemental designation and report of Mr. Vorba concerning alleged claim-related "repair costs" was "specifically allowed under [the Court's prior] rulings and required under the Federal Rules of Civil Procedure." Id.

## Question Presented

Whether the August 12, 2010 supplemental designation and report of plaintiff's designated expert Larry Vorba, P.E. should be stricken on grounds that it is untimely and beyond bounds of the Pretrial Order and the Court's February 8, 2010 Order denying reconsideration of a prior Order striking plaintiff's damages expert, Steven Ortwein (Doc. 145), denying plaintiff's motion to extend expert designation deadline (Doc. 151), and granting State Farm's motion to strike plaintiff's second supplemental Rule 26 expert disclosure (Doc. 152). (Doc. 176).

## Argument

Rules 16 and 37 empower the Court, on motion or on its own, to curb a litigant's disobedience of the Pretrial Order and other abusive litigation practices through the

issuance of further just orders, including prohibiting the recalcitrant party from supporting designated claims or from introducing designated matters in evidence. Rules 16 (f) (1) (C) and 37 (b) (2) (A) (ii); See, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 594 (2007); *Jones v. Thompson*, 996 F.2d 261, 263-264 (10th Cir. 1993). Plaintiff's recent "supplemental" designation and report of Mr. Vorba flouts not jut one, *but two*, prior Orders of the Court—the Pretrial Order (Doc. 195) and the Court's February 8, 2010 Order denying reconsideration of a prior Order striking plaintiff's damages expert, Steven Ortwein (Doc. 145), denying plaintiff's motion to extend expert designation deadline (Doc. 151), and granting State Farm's motion to strike plaintiff's second supplemental Rule 26 expert disclosure (Doc. 152). (Doc.176).

In its February 8, 2010 Order, denying plaintiff's motion for reconsideration of the August 3, 2009 Order of Judge Martha Vazquez of the District of New Mexico striking plaintiff's damages expert, Steven Ortwein, as a witness (Doc. 145), this Court noted:

> Plaintiff's arguments now before the court do not cast doubt on Judge Vazquez's holding. Plaintiff has not shown that there has been an intervening change in law, that new evidence is available, or that this court must overturn Judge Vazquez's decision to correct clear error or prevent manifest injustice. At best, plaintiff's argument is that she will not be allowed to present expert testimony of the cost of repairing her house at trial. Plaintiff may be correct to some degree; proceeding without the testimony of an expert may complicate the task of proving her case. But the Federal Rules and the court's orders are in place to promote justice, set clear standards for performance, and establish boundaries for actions. Plaintiff failed to comply with requirements of the court or the Federal Rules. There are consequences for failure to comply. In this case, Judge Vazquez held that consequences were that Mr. Ortwein should not be allowed to testify at trial. While Judge Vazquez opinion may present a difficult situation for the plaintiff, it is not unfair or improper. None of plaintiff's arguments merit reconsideration. (Doc. 176, p. 4).

This ruling was correct when made six months ago and is even more so today considering also the passage of time. Further, nothing about Mr. Strezlec's opinion testimony on the subject of State Farm's alleged "bad faith" in denying plaintiff's claim

4

necessitates expert testimony on the issue of "repair costs." Plaintiff's August 12, 2010 "supplemental" designation and report of Mr. Vorba—solely directed at alleged "repair costs"—thus impermissibly attempts to yet again inject into the case expert opinion evidence turned-back twice before and laid to final rest by the Pretrial Order. Plaintiff has therefore surpassed the point of any plausible belief that her latest maneuver is "specifically allowed under [the Court's prior] rulings and required under the Federal Rules of Civil Procedure." (See, Facts, ¶ 7). Hence, in addition to striking plaintiff's "supplemental" designation and report of Mr. Vorba, State Farm respectfully requests the Court to impose sanctions against plaintiff in the form of an award of costs and expenses, including attorney's fees, incurred by State Farm in bringing this motion.

Five factors are used to evaluate grounds for sanctions. See <u>Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir.1992)</u> ((1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that there would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions ... ) (Internal quotations and citations omitted). With the exception of the fourth factor of a prior judicial warning, plaintiff's proffer of the "supplemental" expert designation and report of Mr. Vorba—in the wake of the Pretrial Order and February 8, 2010 Order previously discussed—militates strongly in favor of an award of cost and fees, including attorney's fees, under factors one, two, three and five.

Further, 28 U.S.C. §1927 provides additional grounds for the sanctions sought. This statute provides:

> Any attorney admitted...to conduct cases in any court of the Untied States ...who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such

wsabeop0 101121532 v.1

conduct.

The Tenth Circuit in *Home Indemnity Co. v. Arapahoe Drilling Co.*, 5 F.3d 546 (C.A. 10 (N.M.) 1993) holds that sanctions under 28 U.S.C. 1927 are particularly appropriate when an attorney seeks to resurrect matters already concluded. *Citing*, <u>Limerick v. Greenwald, 749 F.2d 97, 101-02 (1st Cir.1984)</u>(attorney sanctioned for bringing repetitive motions which sought to relitigate matters already adjudicated); <u>Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 228 (7th Cir.1984)</u>(counsel may be sanctioned for repeating arguments previously rejected).

For all the forgoing reasons, State Farm requests that plaintiff's August 12, 2010 "supplemental" expert designation and report of Larry Vorba be stricken, and that sanctions be award in favor of State Farm and against plaintiff for costs and expenses, including attorney's fees, incurred in bring this motion.

                WALLACE, SAUNDERS, AUSTIN,
                BROWN AND ENOCHS, CHARTERED

By: /s/ Brian G. Boos
     James L. Sanders    KS #11483
     jsanders@wallacesaunders.com
     Brian G. Boos    KS #13714
     bboos@wallacesaunders.com
     10111 West 87th Street
     P.O. Box 12290
     Overland Park, KS 66282
     913-888-1000    Fax - 913-888-1065
**ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY, a Foreign Corporation**

6

Case 2:10-cv-02021-CM Document 203 Filed 08/20/10 Page 7 of 16

The undersigned hereby certifies that a true and correct copy of the above and foregoing was mailed by first class mail, postage prepaid, and electronically filed with the United States District Clerk using the CM/ECF system which sent notification of such filing on the 20th day of August, 2010, to:

Darren E. Fulcher
Fulcher & Brooks, LLC
Mark Twain Towers Building
106 W. 11th Street, Suite 1540
Kansas City, MO 64106

M. Terrence Revo
Roger I. Smith
10400 Academy Road NE, Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Road NE, Suite 240
Albuquerque, NM 87111
ATTORNEYS FOR PLAINTIFFS

Christopher J. DeLara
Terry R. Guebert
P.O. Box 93880
Albuquerque, NM 87199
ATTORNEYS FOR DEFENDANTS

   /s/ Brian G. Boos
For the Firm

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2021-CM |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S RULE 26 FRCP
SUPPLEMENTAL EXPERT DISCLOSURES

COMES NOW the Plaintiff, Diane Swinney, (*hereinafter* "Swinney"), by and through her attorneys, Steven Vogel, The Revo Law Firm and Fulcher & Brooks, LLC, and hereby submits her Supplemental Expert Disclosures.

### STRUCTURAL ENGINEERING EXPERT

Larry Vorba
Cyntergy, L.L.C.
320 South Boston - 12th Floor
Tulsa, Oklahoma 74103
(918)877-6000

Larry Vorba is a principal and director of structural engineering with Cyntergy AEC and is an expert specializing in structural engineering and will testify as to the engineering standards, damage and cost of repairs to the Swinney residence from the severe weather and storms in Columbus, Kansas about June 30, 2005.

DOCUMENTS PURSUANT TO Rule 26(e)(1)(A)(B)(2) - Attached hereto is a copy of the supplemental report of Structural Engineering expert Larry Vorba. (Exhibit 1)

1


EXHIBIT A

Respectfully submitted,

*/s/ Steven Vogel*
STEVEN VOGEL
10400 Academy Road NE - Suite #240
Albuquerque, New Mexico 87111
(505) 293-8888

TERRENCE REVO
ROGER SMITH
Revo Law Firm
10400 Academy NE - #200
Albuquerque, New Mexico 87111
(505) 293-8888

PHILLIP A. BROOKS
Fulcher & Brooks, LLC
Mark Twain Tower
106 West 11th Street, Suite 1540
Kansas City, Missouri 64105
(816) 471-2111
*Attorneys for Plaintiff*



## CYNTERGY AEC
ARCHITECTURE · ENGINEERING · CONSTRUCTION

August 11, 2010

Mr. Steven Vogel
Attorney at Law
10400 Academy Road NE – Suite #240
Albuquerque, New Mexico 87111

**SWINNEY RESIDENCE SUPPLEMENTAL REPORT**

Dear Mr. Vogel

We have reviewed portions of the Insurance Expert's, Stephen Strzelec, deposition of May 14, 2010 regarding the damage to Ms. Swinney's Columbus, Kansas home and prepared an engineering cost estimate for repair of the damage at your request. We offer the following as a supplemental report to our previous report dated 29 October 2007.

**Strzelec Deposition Review**
Mr. Strzelec expressed his opinion *"that this damage was not caused by any exclusion within the policy, and it is covered under the policy"*. We concur with his opinion.

**Engineering Cost Estimate**
Refer to the attached Estimated Construction Cost breakdown dated 6 August 2010 for our engineering estimate of the cost of repairs to the Swinney residence. We have utilized our in-house construction experience and printed cost data (RS Means 2010) in formulating the $175,827.77 estimate. Although we are not a general contractor, we have found our estimates to provide a reasonably accurate budget when compared to the final bids received for the work we have estimated.

If we can be of further assistance in this matter, please contact me.

Sincerely,

Larry L. Vorba, PE, PMP
Principal and Director of Structural Engineering
Cyntergy AEC

Enclosures (2)

CYNTERGY AEC llc
320 South Boston
12th Floor
Tulsa, OK 74103
918-877-6000
Fax 918-877-4000

CENTURY CONSTRUCTION

**Sweeney Residence**
Columbus, KS

**ESTIMATED CONSTRUCTION COST**

Report Date  6-Aug-10
Revised

| SPEC | DESCRIPTION | Unit | Quantity | Material Unit | Material Total | Labor Unit | Labor Total | Equipment Unit | Equipment Total | TOTAL COST |
|---|---|---|---|---|---|---|---|---|---|---|
| Demolition / Sitework ||||||||||
| Estimate | Protect Existing | Job | 1 | $ - | $ 500.00 | $ 1,000.00 | $ 1,000.00 | $ - | $ - | $ 1,500.00 |
| 09601101000 | Demo interior walls for additional structural support | SF | 120 | $ - | $ - | $ 2.50 | $ 300.00 | $ - | $ - | $ 300.00 |
| Estimate | Structural repair in the crawl space | SF | 248 | $ 8.50 | $ 2,111.40 | $ 12.00 | $ 2,980.80 | $ 1.00 | $ 248.40 | $ 5,340.60 |
| 06110510100 | Repair ceiling rafters | LF | 275 | $ 2.50 | $ 687.50 | $ 6.00 | $ 1,650.00 | $ - | $ - | $ 2,337.50 |
| 06110510100 | Repair ceiling joists | LF | 200 | $ 2.50 | $ 500.00 | $ 6.00 | $ 1,200.00 | $ - | $ - | $ 1,700.00 |
| 06060802000 | Roof joists strong tie | EA | 71 | $ 3.56 | $ 251.29 | $ 1.00 | $ 70.59 | $ - | $ - | $ 321.88 |
| 06160800302 | Remove and replace attic plywood decking | SF | 414 | $ 1.25 | $ 517.50 | $ 0.20 | $ 82.80 | $ - | $ - | $ 600.30 |
| 060908003900 | Provide and install hurricane clips for support framing | EA | 40 | $ 4.81 | $ 192.40 | $ 1.25 | $ 50.00 | $ - | $ - | $ 242.40 |
| 05120250585O | Temporary floor jacks (kitchen and dining area) | EA | 8 | $ 54.00 | $ 432.00 | $ 10.00 | $ 80.00 | $ - | $ - | $ 512.00 |
| 02505001000 | Permanent screw jacks, incl concrete pedestals | EA | 6 | $ 150.00 | $ 900.00 | $ 385.00 | $ 2,310.00 | $ 55.00 | $ 330.00 | $ 3,540.00 |
| 06110520200 | Additional structural floor support for kitchen island | LF | 40 | $ 3.75 | $ 150.40 | $ 0.75 | $ 30.00 | $ - | $ - | $ 180.40 |
| 06110505162 | 2x4 Vertical support studs in walls | LF | 180 | $ 1.00 | $ 180.00 | $ 1.67 | $ 300.00 | $ - | $ - | $ 480.00 |
| 06180406100 | 3 1/2 x 9 1/4 LVL beams | LF | 80 | $ 4.25 | $ 340.00 | $ 10.00 | $ 800.00 | $ - | $ - | $ 1,140.00 |
| 07210500130 | Misc batt insulation | SF | 750 | $ 0.44 | $ 330.00 | $ 1.00 | $ 750.00 | $ - | $ - | $ 1,080.00 |
| 09210650600 | Plaster wall repair (master bedroom) | SF | 100 | $ 4.50 | $ 450.00 | $ 6.25 | $ 625.00 | $ 0.65 | $ 65.00 | $ 1,140.00 |
| 09210650600 | Plaster wall repair (upstairs hallway) | SF | 45 | $ 4.50 | $ 202.50 | $ 6.25 | $ 281.25 | $ 0.65 | $ 29.25 | $ 513.00 |
| 09210650600 | Plaster wall repair (upstairs bedroom) | SF | 80 | $ 4.50 | $ 360.00 | $ 6.25 | $ 500.00 | $ 0.65 | $ 52.00 | $ 912.00 |
| 09210650600 | Plaster wall repair (downstairs dining room) | SF | 100 | $ 4.50 | $ 450.00 | $ 6.25 | $ 625.00 | $ 0.65 | $ 65.00 | $ 1,140.00 |
| 09210650600 | Plaster wall repair (entry way) | SF | 10 | $ 4.50 | $ 45.00 | $ 6.25 | $ 62.50 | $ 0.65 | $ 6.50 | $ 114.00 |
| 09310100327O | Remove and replace floor tile | SF | 10 | $ 5.05 | $ 50.50 | $ 1.03 | $ 10.30 | $ - | $ - | $ 60.80 |
| Estimate | Patch and repair existing crown molding | LF | 150 | $ 10.67 | $ 1,600.00 | $ 26.67 | $ 4,000.00 | $ - | $ - | $ 5,600.00 |
| 09910920120O | Interior painting | SF | 5156 | $ 1.45 | $ 7,476.20 | $ 1.85 | $ 9,538.60 | $ - | $ - | $ 17,014.80 |
| 08643106600 | Repair and refinish kitchen flooring | SF | 16 | $ 8.00 | $ 128.00 | $ 75.00 | $ 1,200.00 | $ - | $ - | $ 1,328.00 |
| Estimate | Repair and support kitchen cabinets | Job | 1 | $ - | $ - | $ 2,400.00 | $ 2,400.00 | $ - | $ - | $ 2,400.00 |
| Estimate | Sealants and caulking | Job | 1 | $ 500.00 | $ 500.00 | $ 1,500.00 | $ 1,500.00 | $ - | $ - | $ 2,000.00 |
| 15107500214O | Repair sanitary vent piping | LF | 40 | $ 95.50 | $ 3,820.00 | $ 18.00 | $ 720.00 | $ - | $ - | $ 4,540.00 |
| 09643100600 | Remove and replace wood flooring | SF | 100 | $ 8.00 | $ 800.00 | $ 75.00 | $ 7,500.00 | $ - | $ - | $ 8,300.00 |
| 06220200055O | Remove and replace wood base | LF | 80 | $ 3.45 | $ 276.00 | $ 12.00 | $ 960.00 | $ - | $ - | $ 1,236.00 |
| 06220500180O | Remove and replace fascia and soffit | LF | 75 | $ 4.00 | $ 300.00 | $ 8.00 | $ 600.00 | $ 4.00 | $ 300.00 | $ 1,200.00 |
| Estimate | Misc Exterior masonry repair | Job | 1 | $ 1,600.00 | $ 1,600.00 | $ 4,000.00 | $ 4,000.00 | $ 150.00 | $ 150.00 | $ 5,750.00 |
| Estimate | Remove and replace Copula roof for access/ventilation | Job | 1 | $ 1,200.00 | $ 1,200.00 | $ 800.00 | $ 800.00 | $ - | $ - | $ 2,000.00 |
| 09910600150 | Exterior painting | SF | 250 | $ 2.00 | $ 500.00 | $ 4.50 | $ 1,125.00 | $ 2.00 | $ 500.00 | $ 2,125.00 |
| Estimate | Misc Mechanical | Job | 1 | $ - | $ - | $ 4,000.00 | $ 4,000.00 | $ - | $ - | $ 4,000.00 |
| Estimate | Misc Plumbing | Job | 1 | $ - | $ - | $ 6,000.00 | $ 6,000.00 | $ - | $ - | $ 6,000.00 |

SYNERGY CONSTRUCTION

| Estimate | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Misc Electrical | Job | 1 | $ | - | $ | - | $ | 9,000.00 | $ | 9,000.00 | $ | 9,000.00 |
| 022203500800 | Dumpster | Job | 8 | $ | 1,025.00 | $ | 8,200.00 | $ | - | $ | - | $ | 8,200.00 |
| Estimate | Clean-Up | Job | 1 | $ | 250.00 | $ | 250.00 | $ | 1,200.00 | $ | 1,200.00 | $ | 1,450.00 |
| | SUBTOTALS | | | | | | | | | | | $ | 105,298.68 |

**INDIRECT COSTS**

| 01300 | 0010 GC FIELD GENERAL CONDITIONS @ 20% | LS | 1 | | | | | | | | | $ | 21,059.74 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | SUBTOTALS | | | **MATERIAL** | | **LABOR** | | **EQUIPMENT** | | | | | |
| | | | | $ | 35,300.69 | $ | 68,251.84 | $ | 1,746.15 | | | | |
| | GC Overhead @ 10% | | | | | | | | | | | $ | 12,635.84 |
| | GC Profit @ 10% | | | | | | | | | | | $ | 13,899.43 |
| | Contingency @ 15% | | | | | | | | | | | $ | 22,934.05 |
| | TOTAL CONSTRUCTION COSTS | | | | | | | | | | | $ | 175,827.74 |
| | BUDGET AMOUNT | | | | | | | | | | | $ | - |

Estimated Construction Cost Based on RS Means 2010



**WALLACE SAUNDERS AUSTIN BROWN ENOCHS**

CHARTERED
ATTORNEYS AT LAW

10111 West 87th Street
P.O. Box 12290
Overland Park, KS 66282
T: 913-888-1000
F: 913-888-1065

WWW.WALLACESAUNDERS.COM

Brian G. Boos
Attorney at Law

Direct Dial:
bboos@wallacesaunders.com

August 16, 2010

<u>**VIA EMAIL**</u>
Steven Vogel, Esq.
10400 Academy N.E., Ste. 240
Albuquerque, MN 87111

Terrence Revo, Esq.
Roger Smith, Esq.
10400 Academy Road, Ste. 200
Albuquerque, MN 87111

Darren E. Fulcher, Esq.
106 W. 11th Street, Suite 1540
Kansas City, MO 64105

Re: *Swinney v. State Farm Fire & Casualty Company*
USDC KS Case NO. 10-2021
Our File: 09832

Counsel:

State Farm is in receipt of plaintiff's supplemental expert disclosure, filed August 12, 2010, containing Mr. Vorba's anticipated opinion testimony about the "cost of repair" to Ms. Swinney's Columbus, Kansas home. (Doc. 201). Judge Murguia has previously rejected plaintiff's attempt to introduce expert "cost of repair" evidence in the Court's February 10, 2010 Memorandum and Order denying plaintiff's motion for reconsideration of Judge Vazquez's August 3, 2009 Order striking Mr. Ortwein as an expert witness (Doc. 145), denying plaintiff's motion to extend expert disclosure deadline (Doc. 151), and granting State Farm's motion to strike plaintiff's second supplemental Rule 26 expert disclosure (Doc. 152).

Plaintiff's latest "supplemental expert disclosure" concerning "cost of repair" is yet another attempt to obtain relief twice before denied, and rises to the level of "unreasonable and vexatious" conduct in violation of 28 U.S.C.§ 1927. (requiring an attorney to personally satisfy costs and expenses, including attorney's fees, for conduct that impermissibly multiplies the proceedings).

Kansas City, MO
By Appointment Only
T: 816-942-8080
F: 913-888-1065

Wichita, KS
T: 316-269-2100
F: 316-269-2479

Springfield, MO
T: 417-866-2300
F: 417-866-2444

wsabeop0 101120924 v.1

**EXHIBIT B** (tabbies)

May 16, 2010
Plaintiff's counsel
Page 2

State Farm hereby offers you the opportunity to avoid necessity of its filing yet another motion to strike plaintiff's proffered expert "cost of repair" opinion testimony since this issue has been twice previously disposed. Be assured, however, that unless plaintiff withdraws the supplemental expert disclosure discussed hereinbefore by the close of business Wednesday, August 18, 2010, State Farm shall promptly file a motion to strike and seek all such additional relief as the Court may deem just and proper, including attorney's fees in accordance with 28 U.S.C § 1927.

We will be guided by your response.


Cordially,

Brian G. Boos
For the Firm

BGB:bgb


Cc:   Terry Guebert, Esq.
      Christopher DeLara, Esq.



Terrence Rēvo
terrencerevo@revolaw.com
Roger I. Smith
rsmith@revolaw.com

Of Counsel:
Lisa M. Richard
lmrmjd@swcp.com
Steven Vogel
vogelesq@aol.com

# RĒVO LAW FIRM

Personal Injury Law
Medical Malpractice
Insurance Law
Criminal Defense

10400 Academy Rd. NE • Suite 200
Albuquerque, New Mexico 87111
(505) 293-8888
(505) 323-1159 (Fax)
www.revolaw.com

August 18, 2010

**Brian Boos**
Wallace Saunders
10111 W. 87th Street
Overland Park, Kansas 66212

(913) 888-1065

RE: Swinney v. State Farm – U.S. District Court for Kansas No. 10-2021-CM

Dear Brian:

Thank you for your August 16, 2010 letter with your concerns regarding Plaintiff's Expert Engineer, Larry Vorba's, Supplemental Disclosure. In the Pretrial Order Judge O'Hara specifically ruled:

> "...the court leaves undisturbed the February 2, 2009 discovery cutoff, **except with regard to Plaintiff's bad faith and unfair trade practice claims.** ...All discovery on bad faith and trade practice issues, including but not limited to "written" discovery and the above-described expert discovery shall be completed by **August 6, 2010**"

> "The parties' final witness and exhibit disclosures...shall be filed not later than 21 days before trial." *Pretrial Order Filed April 29, 2010*

As you are fully aware, our insurance expert Steven Strzelec was therefore deposed by State Farm and he submitted a supplemental report on July 8, 2010 in accordance with the Judge's order extending discovery in the areas of bad faith and unfair trade practice claims, as State Farm had argued that they had preserved these areas for discovery. Mr. Strzelec worked in claims management and supervision for State Farm for approximately 18 years and was very clear in his testimony that State Farm had breached the contract, acted in bad faith in failing and refusing to undertake the timely thorough investigation and evaluation of the tornado/high wind damages to both Swinney's home and the garage. These actions violated Swinney's homeowner's contract of insurance, as well as State Farm's tort duties of good faith and fair dealing and their statutory duties under the New Mexico Unfair Practices statutes. These duties include State Farm's duty to evaluate the claim and calculate the repair damage to the home, which State Farm failed to perform.

08-18-10P02:37 RCVD



EXHIBIT C

Insurance Expert Strzelec established in his deposition the proper steps to undertake and determine cost of repair damages in situations such as the damage to Ms. Swinney's home, and he also worked as a contractor during his lifetime. Therefore, it is a very relevant bad faith issue where State Farm failed to take the very minimum steps required in determining the cost of repairs to the home and garage. Mr. Strzelec testified as to the reasonable cost of repairs.

Under the Federal Rules of Civil Procedure 26(e), supplements to expert disclosures are allowed:

**Rule 26(e)(1)(A):**
"(1) ...A party who has made a disclosure under Rule 26(a)...**must supplement or correct its disclosure or response:**
(A) In a timely manner if the party learns that in some material respect the disclosure or response is **incomplete...**"

Mr. Strzelec's deposition and supplemental report are new information pursuant to the Court's Order. This new information was reviewed by Expert Engineer Larry Vorba. Plaintiff is making certain that the record is updated and complete as required by the rules and Court rulings.

All parties are fully aware that this information is relevant, material and designed to lead to discoverable information, it was specifically allowed under Judge O'Hara's rulings and required under the Federal Rules of Civil Procedure.

If you would like to take the deposition of Expert Engineer Vorba regarding his supplemental report the Pretrial Order allows this: "unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay other pretrial preparations." We have no objection to the taking of his deposition. Please let us know and schedule the deposition at a convenient time and place.

Attorneys Guebert and Revo had a meeting on August 17, 2010 and continued settlement negotiations. Therefore, if the case was resolved, it will render all of these issues moot.

If you would like to discuss this further, please feel free to contact me.

Very truly yours,

*Steven Vogel*
Steven Vogel
Attorney at Law

SV/bma

cc:   Attorneys Terrence Revo, Roger Smith & Terry Guebert
      Diane Swinney