# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-2021-CM |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Defendant. | ) |

## STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE ARGUMENT, EVIDENCE, AND TESTIMONY CONCERNING AMOUNTS PAID BY STATE FARM FOR CATASTROPHIC CLAIMS ARISING FROM THE 2005 TORNADO SEASON

## INTRODUCTION

State Farm Fire and Casualty Company ("State Farm") respectfully submits this Memorandum of Law in support of its Motion in *Limine* to exclude evidence of payments by State Farm related to 2005 tornados in Kansas, Oklahoma and Missouri that are so dissimilar in nature as to be irrelevant and confusing to the jury. State Farm anticipates that at trial the Plaintiff may seek to introduce evidence of State Farm's total payment for all tornado claims related to the 2005 tornados and other unrelated issues so as to prejudice the jury against State Farm. Plaintiff improperly seeks to introduce this evidence to show that because State Farm paid other insureds for wind and tornado damage, that Plaintiff is also entitled to payment for wind or tornado damage.

In addition, Plaintiff may seek to encourage an enhanced amount of any potential punitive damage award. Specifically, State Farm anticipates that Plaintiff may seek to

offer evidence about claims arising during the 2005 tornado season and impacting not only Kansas but also Missouri and Oklahoma, as well as State Farm's handling of those claims.

Simply because State Farm paid claims in the tri-state area of Kansas, Missouri and Oklahoma arising from tornado damage in 2005 does not establish that Plaintiff sustained a compensable loss caused by a tornado or high winds.  Nor does the proposed "evidence" establish that State Farm has responded, in bad faith, to Plaintiff's claim for damages.  The anticipated testimony and evidence would be highly prejudicial to State Farm.  Any limited probative value to the proposed evidence is substantially outweighed by its potential for unfair prejudice.  Fed.R.Evid. 403.

Allowing the Plaintiff to submit such evidence will prolong the trial of this matter, as State Farm may be required to address each or some of the 2000+ claims allegedly related to the tornado damage.  With all this additional evidence and testimony, it is likely the jury will become confused and distracted from the primary issues of this case. *United States v. Barnard,* 490 F.2d 907, 912-13 (9th Cir. 1973)

In addition, such evidence should be excluded because, as the United States Supreme Court has held, a state may not, consistent with due process, impose punitive damages to punish or deter conduct by a defendant that occurred in other states.  *See, State Farm Mutual Automobile Insurance Co. v. Campbell,* 538 U.S. 408, 421, 123 S.Ct. 1513, 1522, 155 L. Ed.2d 585, 603 (2003); *BMW of North America v. Gore,* 517 U.S. 559, 572-73 (1996).  Any punitive damage award in this case must be predicated upon only this State's interest in protecting its own consumers, and not those of other states or the entire nation.  *BMW,* 517 U.S. at 573-74.

Likewise, the introduction of dissimilar conduct would also be impermissible under federal constitutional law. In *Campbell,* 538 U.S. at 423, the United States Supreme Court held that, as a matter of fundamental due process, a defendant's dissimilar acts that are independent from the acts upon which liability is premised may *not* serve as a basis for punitive damages. The Court also held that evidence of dissimilar acts is irrelevant to the evaluation of the defendant's conduct toward the plaintiff. *Campbell,* 538 U.S. 423-24.

Accordingly, evidence of State Farm's total payments for tornado damage, out-of-state conduct and/or dissimilar conduct should be excluded. Moreover, such evidence should also be excluded under Federal Rules of Evidence 403 and 404(b). The probative value, if any, of such evidence would be substantially outweighed by the danger of unfair prejudice to State Farm and of misleading and confusing the jury. The introduction of such evidence would also needlessly delay and prolong the trial of this case by injecting collateral issues concerning State Farm's conduct toward other persons and who are not before this Court.

For these reasons, State Farm respectfully submits that this Court should not allow Plaintiff to introduce evidence of out-of-state conduct or dissimilar conduct at the trial of this matter.

## **LEGAL ANALYSIS**

### A. The Law Mandates Exclusion of Evidence of the total amounts paid by State Farm for tornado damage as Irrelevant and Unduly Prejudicial

Federal law mandates the exclusion of evidence of conduct by State Farm, including but not limited to payment for tornado damage to other insureds, that is

dissimilar to the conduct allegedly directed toward the Plaintiff. Evidence of State Farm's payment for other wind or tornado damage is dissimilar conduct and irrelevant to the assessment of the defendant's alleged conduct toward the plaintiff. Accordingly, such evidence is inadmissible under Federal Rule of Evidence 402. *See,* Fed.R.Evid. 402: "Evidence which is not relevant is not admissible."

Evidence of State Farm's payment for other wind or tornado damage is also inadmissible as unfairly prejudicial to State Farm, whether such evidence is introduced for purposes of punitive damages or for any other purpose. In particular, neither the federal Constitution nor Kansas state law permits awards of punitive damages based upon passion and prejudice. *See, e.g. TXO Prod. Corp. v. Alliance Resources Corp.,* 509 U.S. 443, 467 (1993) (Kennedy, J., concurring) ("When a punitive damages award reflects bias, passion, or prejudice on the part of the jury, rather than a rational concern for deterrence and retribution, the Constitution has been violated, no matter what the absolute or relative size of the award."); *Honda Motor Co. v. Oberg,* 512 U.S. 415, 425 (1994) (discussing review of punitive awards under state law for passion and prejudice). Evidence regarding unrelated and dissimilar conduct can only serve to inflame and prejudice the jury and distract it from rationally and impartially assessing the alleged conduct toward the plaintiff. Accordingly, such evidence is impermissible under Federal Rule of Evidence 403 because its probative value, if any, is substantially outweighed by its manifest potential for unfair prejudice.

In addition to being unduly prejudicial to State Farm, evidence of State Farm's payments to other insureds and dissimilar conduct also is inadmissible under Rule 403 because it would confuse the issues and mislead the jurors by distracting their attention

4

from the facts of this case. *See id.* The introduction of such evidence would unduly prolong the trial of this case. It would lead to a substantial and disproportionate amount of testimony, evidence, and time being devoted to entirely collateral issues. In short, permitting the introduction of such evidence would result in an unproductive and wasteful "trial within a trial." *See, United States v. Barnard,* 490 F.2d 907, 912-13 (9th Cir. 1973) (affirming trial judge's exclusion of testimony to prevent a "trial within a trial" on a collateral issue); *Coursen v. A.H. Robins Co.,* 764 F.2d 1329, 1335 (9th Cir. 1985) (affirming trial court's exclusion of evidence on collateral issues on the grounds that any relevance was outweighed by the risk that the jury would be confused and distracted from the main issues), *corrected by,* 773 F.2d 1049 (9th Cir. 1985) (correcting typographical error); *Ecker v. Allstate Insur. Co.,* 2001 U.S. Dist. LEXIS 26277 *14-15 (W.D. Okla, April 9, 2001)

Evidence of State Farm's other payments and dissimilar conduct should also be excluded under Rule 404(b), which prohibits evidence of other wrongs or acts to prove the character of a person in order to show action in conformity therewith. Fed.R.Evid. 404(b). The concern at the heart of Rule 404(b) is the fact that the introduction of such evidence creates a risk that the jury's verdict will rest on "uncontrollable and undue prejudice," and not on a fair assessment of the conduct at issue. 1A John H. Wigmore, *Wigmore on Evidence* §57 (Peter Tillers rev., 1983)[1]  *See also, Hamilton v. State Farm*

---

[1] *See also, Old Chief v. United States,* 519 U.S. 172, 180-81 (1997) ("generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged" causes unfair prejudice to a criminal defendant). In the area of punitive damages, the same risk exists as in a criminal case that the "jury will convict for crimes other than those charged – or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment." *See id.* at 181 (quoting *United States v. Moccia,* 681 F.2d 61, 63 (1st Cir. 1982)); *United States v. Peden,* 961 F.2d 517, 520 (5th Cir. 1992) ("The drafters of Rule 404(b) recognized, as common law courts have long recognized, that admission of prior wrongful acts simply to show the defendant's bad character, notwithstanding that one possessed of a bad character is more likely to commit a crime than one who is not, is likely to prejudice the jury and

5

*Mutual Automobile Insur. Co.,* 2002 U.S. Dist. LEXIS 7148 *11-12 (S.D. Ind. March 13, 2002) (holding that evidence of judgments and rulings in other cases against defendant was inadmissible under Fed.R.Evid. 404(b); such other cases also were "not similar enough to the current case to be relevant.")

In the present case, evidence of State Farm's other payments and dissimilar conduct could lead the jury to infer improperly that, because State Farm paid other claims, State Farm must have acted wrongfully towards the plaintiff. Plaintiff's impermissible attempt to utilize evidence of dissimilar conduct in this manner should be rejected out of hand by this Court. *See, Carter v. District of Columbia,* 795 F.2d 116, 131, n.9 (D.C. Cir. 1986) (evidence of other "bad acts" properly excluded because its probative value, if any, was "clearly outweighed by the danger that the jury would infer from it the bad character of the individual defendants, and thus the likelihood that they acted badly during the episode in suit"); *see also, Thurman Indus., Inc. v. Pay N' Pak Stores, Inc.,* 875 F.2d 1369, 1378-80 (9th Cir. 1989) (in antitrust case, evidence of defendant's conduct other than predatory pricing was inadmissible on the issues of anti-competitive conduct and specific intent to monopolize; "[the] jury could have been strongly influenced by evidence of [defendant's] other aggressive behavior…[which was] forbidden as a basis for inferring intent to monopolize").

Accordingly, evidence of State Farm's other payments or dissimilar acts should be excluded under Fed.R.Evid. 402, 403 and 404(b), as irrelevant and unduly prejudicial and as improper character evidence.

---

blind it to the real issue of whether the defendant is guilty of the crime charged.")

6

### B. Evidence of State Farm's Out-of-State Conduct and/or Dissimilar Conduct is Inadmissible for the Purposes of Punitive Damages as a Matter of Federal Constitutional Law

The United States Supreme Court has held that neither out-of-state conduct nor dissimilar conduct may serve as a basis for punitive damages. *Campbell.* A State's legitimate interest in imposing punitive damages is limited to punishing and deterring conduct within the State, "with consideration given only to the interests of [the State's] consumers, rather than those of the entire nation." *BMW,* 517 U.S. at 574.

The Supreme Court first addressed this issue in *BMW*, which involved the defendant's failure to disclose that the plaintiff's car had been slightly damaged and repainted prior to sale. The defendant had allegedly sold nearly one thousand such cars without disclosure throughout the country. *Id.* at 564. Estimating actual damages at $4,000 per car, plaintiff argued that punitive damages of $4 million should be awarded to punish defendant for its nationwide conduct. *Id.* As requested by plaintiff, the jury assessed punitive damages of $4 million. *Id.* at 565. The Alabama Supreme Court remitted the punitive damage award to $2 million, finding that the original award had impermissibly been based in large part on out-of-state conduct. *Id.* at 567, 573-74.

The United States Supreme Court reversed, holding that the punitive award, even as remitted, was unconstitutionally excessive. The Supreme Court agreed, however, that only in-state conduct could be considered in determining the amount of the award. *Id.* at 573-74. Noting that "one State's power to impose burdens on the interstate market for automobiles is... constrained by the need to respect the interests of other States." *Id.* at 571. The Court concluded that "a State may not impose economic sanctions on violations of its laws with the intent of changing the tortfeasor's lawful

7

conduct in other States." *Id.* At 572.  To avoid such encroachment, "judicially imposed punitive damages, must be supported by the State's interest in protecting its own consumers and its own economy. *Id.*

In *White v. Ford Motor Co.,* 312 F.3d 998, 1014, 1017-18 (9th Cir. 2002), the United States Court of Appeals for the Ninth Circuit explained the federalism concerns that prohibit punishment even of unlawful out-of-state conduct. Because "the difference in how [states] penalize…tortious conduct expresses significantly different policy choices," the federalism concerns of *BMW* apply with equal force to the punishment and deterrence of unlawful out-of-state conduct. *Id.* at 1018.  Thus, "'a State may not impose economic sanctions on violators of its laws with the intent of changing the tortfeasors'…conduct in other States,' whether the extraterritorial conduct is lawful or not." *Id.* at 1014 (quoting *BMW,* 517 U.S. at 572).

Accordingly, as a matter of constitutional due process, evidence of out-of-state conduct, whether lawful or unlawful, may not be considered for purposes of punitive damages and should be excluded.

The United States Supreme Court has also held that, as a matter of due process, "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *Campbell,* 538 U.S. at 422. The Court explained that "[a] defendant should be punished for conduct that harmed the plaintiff, not for being an unsavory individual or business." *Campbell,* 538 U.S. at 423. Moreover, the Court stated that "[d]ue process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties'

8

hypothetical claims against a defendant under the guise of the reprehensibility analysis." *Id.*

Punishment based on dissimilar conduct "creates the possibility of multiple punitive damages awards for the same conduct" since "nonparties are not bound by the judgment some other plaintiff obtains." *Id.* at 423. A punitive damages award based on conduct unrelated to the plaintiff's harm enters the "zone of arbitrariness" that violates due process. *See, BMW of North America, Inc. v. Gore,* 517 U.S. at 568 (1996)

The Supreme Court in *Campbell* made clear that dissimilar conduct has no place in the analysis of a defendant's reprehensibility for purposes of punitive damages and should be excluded as irrelevant. *See, Campbell,* 428 U.S. at 423-24. Under the Supreme Court's punitive damages jurisprudence, only *similar* prior conduct may have some relevance to establishing the reprehensibility of a defendant's conduct toward the plaintiff.[2] *Id.* Dissimilar conduct cannot be used to show repeated misconduct or "recidivism" on the part of a defendant. As the Supreme Court stated in *Campbell,* if punitive damages are to be justified on the grounds that the defendant is a "recidivist," "courts must ensure the conduct in question *replicates* the prior transgressions." *Id.* at 423. (emphasis added).

Likewise, the Supreme Court in *Campbell* found that dissimilar conduct by a defendant is irrelevant to other issues, such as intent, motive, deliberateness, or recklessness, that go to establishing reprehensibility. The Court stated that only similar

---

[2]  Reprehensibility is one of the three guideposts adopted by the Supreme Court for determining whether a punitive award is grossly excessive and unconstitutional. *See, BMW,* 517 U.S. at 575; *Campbell,* 538 U.S. at 518. While conduct need not be "identical" to be relevant to the reprehensibility analysis, *Campbell,* 538 U.S. at 423-24, it must be substantially similar. Accordingly, in *Campbell,* a third-party bad faith case, the Court held that it was unconstitutional for the lower courts to justify the punitive damages award based on evidence of first-party claims handling, of "a national scheme to meet corporate fiscal goals by capping payouts on claims," and of various other alleged practices and policies that "had nothing to do with a third-party lawsuit." *Id.* at 420, 423-24.

9

conduct by a defendant could be probative on such issues. *See, Id.* at 422 (a defendant's other conduct "may be probative when it demonstrates the deliberateness and culpability of the defendant's action…but that conduct *must have a nexus to the specific harm suffered by the plaintiff."*) (emphasis added)  Thus, in *Campbell,* after describing the array of dissimilar conduct improperly relied upon by the jury and lower courts, the Supreme Court concluded that "because the Campbells have shown no conduct by State Farm similar to that which harmed them, the conduct that harmed them is the only conduct relevant to the reprehensibility analysis."  *Id.* at 424.

Consideration of dissimilar conduct for purposes of punitive damages violates due process for the additional reason that it deprives a defendant of fair notice.  The Supreme Court in *Campbell* reaffirmed that "'[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty'" that may be imposed upon the defendant.  *Id.* at 417 (quoting *BMW,* 517 U.S. at 574). Such "concerns are heightened when the decisionmaker is presented…with evidence that has little bearing as to the amount of punitive damages to be awarded."[3]  A defendant does not have the constitutionally required fair notice of the potential amount of punitive damages, if punitive damages can be used to punish not only the particular conduct allegedly directed toward the plaintiff, but also a wide array of dissimilar, unrelated conduct.

---

[3] *Cf.* 22 Charles A. Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* §5249 n.1 (1978) ("even with notice, the defense may lack the resources to defend against several crimes.  Moreover, the defense may be placed in the dilemma of choosing between fighting the other crimes evidence, and thus enhancing its importance in the eyes of the jury, or disparaging its probative worth, thus seeming to concede the truth of the charges.")

10

Accordingly, as a matter of constitutional due process, evidence of conduct by State Farm that is dissimilar to the conduct at issue in the case is irrelevant to punitive damages and should be excluded.

### C. The Constitutional Prohibition Against Punishing Out-Of-State Conduct is Particularly Applicable in Insurance Cases

The due process, federalism, and other constitutional concerns expressed in *BMW, Campbell* and *White* apply with particular force in insurance cases. Insurance companies are subject to extensive, and often differing, regulation by state insurance departments in every jurisdiction. This system of state-by-state regulation was approved and recognized by the United States Congress in its enactment of the McCarran-Ferguson Act, which provides that "[t]he business of insurance…shall be subject to the laws of the several States…" 15 U.S.C. §1012(a). Construing the McCarran-Ferguson Act, the Supreme Court has stated that "Congress viewed state regulation of insurance solely in terms of regulation by the law of the State where occurred the activity sought to be regulated. There was no indication of any thought that a State could regulate activities carried on beyond its own borders." *FTC v. Travelers Health Assoc.,* 362 U.S. 293, 300 (1960).

Imposing punitive damages based on an insurance company's out-of-state conduct would impair the ability of other states' legislatures, insurance departments, and courts to regulate the practice of insurance within their borders. Such encroachment on the prerogatives of other states to regulate insurance cannot be reconciled with the McCarran-Ferguson Act or with the constitutional principles embodied in the Due Process Clause, the Commerce Clause, and the Full Faith and

Credit Clause. Accordingly, evidence of out-of-state conduct should be excluded from the trial of this case.

## **CONCLUSION**

Under the Rules of Evidence, evidence of payments for wind or tornado damage by State Farm to other insureds and other dissimilar conduct is inadmissible because it is irrelevant, unfairly prejudicial, and would only confuse the issues and needlessly prolong the trial of this case.    In addition, evidence of State Farm's conduct in other states should be categorically excluded because, as the United States Supreme Court has held in *Campbell* and *BMW,* a state may not constitutionally impose punitive damages to punish or deter conduct that takes place beyond its borders.  Moreover, under the Rules of Evidence, evidence of out-of-state conduct is inadmissible because it is unfairly prejudicial and would only confuse the issues and needlessly prolong the trial of this case.

Likewise, under federal constitutional law, evidence of conduct by State Farm that is dissimilar to the conduct that gave rise to Plaintiff's claims should be excluded from the trial of this case.   As the United Stated Supreme Court held in *Campbell,* the use of such evidence for purposes of punitive damages is constitutionally impermissible.

For the foregoing reasons, State Farm respectfully submits that its motion in *limine* to exclude evidence of out-of state and dissimilar conduct should be granted.

12

Respectfully submitted,

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED


By   /s/ James L. Sanders
      James L. Sanders   KS #11483
      10111 West 87th Street
      P.O. Box 12290
      Overland Park, KS 66282
      (913) 888-1000/ (913) 888-1065
      jsanders@wallacesaunders.com
      *Attorney for Defendants*

and

Terry R. Guebert
Christopher J. DeLara
GUEBERT BRUCKNER P.C.
P.O. Box 93880
Albuquerque, NM  87199-3880
(505) 823-2300
tguebert@guebertlaw.com
cdelara@guebertlaw.com
*Attorneys for Defendants*

I HEREBY CERTIFY that on the 10th day of September, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following Parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Steven J. Vogel, Esq.
10400 Academy Road, N.E., Suite 240
Albuquerque, NM  87111-7364
vogelesq@aol.com

Phillip A. Brooks, Esq.
106 West 11th Street, Suite 1540
Kansas City, Missouri 64105
pbrooks@fulcherbrookslaw.com


  /s/ James L. Sanders
James L. Sanders

wsabeop0 101125076 v.1