### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2021-CM |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## STATE FARM FIRE AND CASUALTY COMPANY'S MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE* TO LIMIT TESTIMONY OF DEAN BLACK

State Farm Fire & Casualty Company ("State Farm") seeks an order from this Court, by way of a Motion in *Limine,* prohibiting lay witness Dean Black from testifying about the damages allegedly occurring at a house owned by the Plaintiff, Diane Swinney, and located at 1000 East Maple, Columbus, Kansas.

### **BACKGROUND**

The Plaintiff, Diane Swinney, a full-time resident of Albuquerque, New Mexico, purchased a house in Columbus, Kansas in June 2004. **(Exhibit A,** Deposition of Dean Black, pg. 29, l. 12-22)  Her grandson, David Black, moved into the Columbus, KS home in December 2004, and her son, Dean Black, moved into the home in June 2005, roughly one year after the purchase. **(Exhibit A,** Depo of Black, pg. 43, L. 9-25; pg. 44, l. 1-8)  The house was unoccupied for some unknown length of time before David Black or Dean Black moved into the house.  The Plaintiff has never lived in her Columbus, Kansas house.  During his deposition, Dean Black described the newly purchased

house as a "nice project house," **(Exhibit A,** Depo of Black, pg. 25, l. 15-22), suggesting the house needed some work done to both update and maintain the house.

In February 2006, Plaintiff made a claim to State Farm for damage to the house. The Plaintiff claimed the damage was caused by high winds and/or tornados occurring in June 2005. The cause of the alleged damage is now in dispute.

## LEGAL ANALYSIS

Pursuant to Federal Rule of Evidence 701, a lay witness is not allowed to proffer opinion testimony based on scientific, technical or other specialized knowledge. *Blodgett v. United States,* 2008 U.S. Dist. LEXIS 35804, *15 (D. Utah May 1, 2008).

> The distinction between testimony from expert and lay witnesses is crucial because expert testimony may be based on inadmissible evidence, Fed. R. Evid. 703, and is subject to reliability analysis under *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 587-88, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). In contrast, lay witnesses may only offer opinions based on their own perceptions and may not offer opinions based on scientific, technical, or other specialized knowledge.  Fed. R. Evid. 701.  <u>This latter restriction was added by a 2000 amendment in order to prevent parties from smuggling in expert testimony under</u> Rule 701 <u>(lay witnesses), thus, evading the reliability analysis of *Daubert* and the disclosure requirements of</u> Rule 26(a)(2).  4 Jack B. Weinstein and Margaret A. Berger, *Weinstein's Federal Evidence,* § 701.03 [4] [b] (Joseph M. McLaughlin ed., Matthew Bender 2d ed. 2005).
>
> *Witherspoon v. Navajo Refining Co., L.P.,* 2005 U.S.Dist. LEXIS 46148, *2-3 (D.N.M. June 28, 2005) (emphasis added)

Where the lay witness's testimony is based upon perceptions, which are insufficient to allow the formation of an opinion that would be helpful to an understanding of the facts of the case but, instead, merely expresses the witness's beliefs, then the opinion testimony should be excluded.  *United States v. Cortez,* 935 F.2d 135, 139-40 (8th Cir. 1991), cert. denied, 502 U.S. 1062, 117 L. Ed. 2d 114, 112 S. Ct. 945 (1992); *Hartzell Manufacturing, Inc. v. American Chemical Technologies, Inc.,*

899 F.Supp. 405, 409 (D.Minn. 1995). Indeed, even expert testimony should be excluded where it is based on nothing more than mere conjecture. *Kloepfer v. Honda Motor Co.,* 898 F.2d 1452, 1459 (10th Cir. 1990).

In this case, State Farm anticipates that lay witness, Dean Black, will attempt to testify concerning his opinions about how the damage occurred to the house located at 1000 East Maple, Columbus, Kansas. State Farm anticipates that Mr. Black will testify that certain damage occurred as a result of high winds and/or tornado damage in June 2005.[1] In addition, State Farm anticipates that Black will attempt to offer testimony concerning the scope of the damages, such as how much it would cost to correct the damages. Because Black has not been disclosed as an expert witness, because Black lacks the specialized knowledge or education necessary to testify as an expert in this case, and because Black's anticipated testimony goes far beyond his perceptions as a lay witness, State Farm respectfully requests the Court to impose limitations on the scope and type of testimony that Mr. Black will be permitted to give.

Black was not involved in the purchase of the Columbus house. He saw a "For Sale" sign on the property and told his mother. **(Exhibit A,** Depo of Black, pg. 29, l. 16-22) Plaintiff Diane Swinney was the sole purchaser. **(Exhibit A,** Depo of Black, pg. 23, l. 1-5). Although Plaintiff asked Black to inspect the property, **(Exhibit A,** Depo of Black, pg. 30, l. 16- 24) he has no background in structural engineering and no background in construction. **(Exhibit A,** Depo of Black, pg. 14, l. 22- 23; pg. 19, l. 2-7) The "inspection" Black conducted was incomplete – he did not go into the crawl space

---

[1] Mr. Black was not at the house when the alleged high winds occurred, did not observe the alleged damage as it occurred, and cannot testify that a tornado directly hit the house or any of the outlying buildings on the property. At best, he has formed an opinion about how and when the damage occurred. Under *United States v. Cortez, id.,* lay testimony that merely states a witness's beliefs should be excluded.

3

to check under the house, **(Exhibit A,** Depo of Black, pg. 54, l. 2- 4) and his "inspection" more likely consisted of "just looking around" rather than truly inspecting for potential defects. **(Exhibit A,** Depo of Black, pg. 52, l. 16- 21)

Despite this lack of early information about the condition of the house, State Farm anticipates that Black will attempt to testify that the house was hit by a tornado during the June 2005 storm season, and that the tornado caused damage to the house. Black will attempt to offer this testimony even though no one was at the house when the storm allegedly occurred, **(Exhibit A,** Depo of Black, pg. 72, l. 2 - 4) and even though he did not begin notices any problems from the alleged tornado damage for more than six (6) months after the alleged occurrence. **(Exhibit A,** Depo of Black, pg. 57, l. 21-25; 58, l. 1 - 9)

Black has confirmed he does intend to offer his opinion about damages to the house "if somebody asks and doesn't object." **(Exhibit A,** Depo of Black, pg. 89, l. 9 - 20). It is likely that Plaintiff's counsel may ask questions of Black that require him to speculate about the cause of the damage, or the potential cost of repairs. As the Court is well aware, Plaintiff attempted to offer a "replacement" expert witness, Steve Ortwein, a construction expert. Because of the untimely disclosure of Mr. Ortwein, this Court entered an order striking the testimony of Mr. Ortwein on August 3, 2009. [Doc. 145] Because the Plaintiff is now lacking an expert to testify about construction costs, methods of repair and reconstruction, and the time required for any repair, State Farm anticipates the Plaintiff may attempt to offer such testimony through Mr. Black. Given Black's lack of expertise on the topic of house inspections, construction, and the effects

4

of high wind/tornado damage such testimony would be improper. *See, Witherspoon v. Navajo Refining Co., L.P.,* 2005 U.S.Dist. LEXIS 46148, *2-3 (D.N.M. June 28, 2005).

## **CONCLUSION**

State Farm respectfully requests that the Court issue an Order prohibiting Dean Black from testifying about the nature and scope of damages that occurred at the house owned by Plaintiff, as well as construction work needed to repair or replace the damage. In addition, State Farm respectfully requests the Court prohibit Plaintiff's counsel from asking questions, seeking testimony, offering evidence (either documentary or testimonial), and/or making arguments concerning testimony of Dean Black regarding the alleged damages at the Columbus, Kansas house.

Respectfully submitted,

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED


By  /s/ James L. Sanders
    James L. Sanders    KS #11483
    10111 West 87th Street
    P.O. Box 12290
    Overland Park, KS 66282
    (913) 888-1000/ (913) 888-1065
    jsanders@wallacesaunders.com
    *Attorney for Defendants*

    and

    Terry R. Guebert
    Christopher J. DeLara
    GUEBERT BRUCKNER P.C.
    P.O. Box 93880
    Albuquerque, NM  87199-3880
    (505) 823-2300
    tguebert@guebertlaw.com
    cdelara@guebertlaw.com
    *Attorneys for Defendants*

5

wsabeop0 101125075 v.1

I HEREBY CERTIFY that on the 10th day of September, 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following Parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Steven J. Vogel, Esq.
10400 Academy Road, N.E., Suite 240
Albuquerque, NM  87111-7364
vogelesq@aol.com

Phillip A. Brooks, Esq.
106 West 11th Street, Suite 1540
Kansas City, Missouri 64105
pbrooks@fulcherbrookslaw.com


   /s/ James L. Sanders
James L. Sanders