IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIANE SWINNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No. 10-2021-CM** |
| **STATE FARM FIRE AND CASUALTY** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**DIANE SWINNEY'S MEMORANDUM BRIEF SUPPORTING
HER RESPONSE TO STATE FARM'S MOTION TO STRIKE
SUPPLEMENTAL DESIGNATION AND REPORT OF LARRY VORBA**

Plaintiff Diane Swinney is entitled to prove "Plaintiff's bad faith and unfair practices claims" and establish the damages that resulted from State Farm's illegal conduct.

**UJI 13-1712. COMPENSATORY DAMAGES; GENERAL**
**If you should decide in favor of the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate her for any of the following elements of damages proved by the plaintiff to have been proximately caused by the defendant's wrongful conduct as claimed:**

**INSTRUCTION 13-1716. Incidental and consequential loss.**
**The amount of any incidental or consequential loss to the plaintiff. Any damages found by you for this loss must be damages which the insurance company and the policyholder could reasonably have expected to be a consequence of the company's failure to perform its obligations under the insurance policy.**

Insurance expert Stephen Strzelec provided new testimony and disclosures regarding bad faith conduct, damages and the cost of repair. Mr. Vorba reviewed this new testimony regarding damages and repair costs which resulted from State Farm's bad faith and unfair trade practices.

**NEW MEXICO INSURANCE BAD FAITH – NO SINGLE DEFINITION**

**New Mexico does not adhere to a single definition of bad faith in the context of insurance matters,** *Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 102 N.M. 28, 690 P.2d 1022, 1025 (NMSC 1984).

The New Mexico Federal Court noted that New Mexico does not adhere to a single definition of bad faith, but that the **"key principle underlying the covenant of good faith in an insurance contract is that the insurer treats the interests of the insured equally to its own interests."** *City of Hobbs I*, 162 F.3d at 582. "An insurance company acts in bad faith when it places its own interests ahead of the interests of the insured." *City of Hobbs I*, 162 F.3d at 582.

**UI 13-1702. BAD FAITH FAILURE TO PAY A FIRST PARTY CLAIM in part:**
A failure to timely investigate evaluate pay a claim is a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract.

**UJI – 13-1705 EVIDENCE**
**Under the "bad faith" claim, what is customarily done by those engaged in the insurance industry is evidence of whether the insurance company acted in good faith. However, the good faith of the insurance company is determined by the reasonableness of its conduct, whether such conduct is customary in the industry or not. Industry customs and standards are evidence of good or bad faith, but they are not conclusive.**

## BAD FAITH DELAY IN CLAIMS ADJUSTING

It has been over five (5) years and two (2) months since Swinney's home and garage were damaged by the high winds/tornados of June 3, 2005. Under the "bad faith" claim, delay in and of itself is evidence of the insurance company's bad faith. *Travelers Ins. Co. v. Montoya,* 90 NM 556, 566 P. 2d 105 (1977) and *Jessen v. National Excess Ins. Co.*, 108 NM 625, 776 P.2d 1244 (1989) discussed delay by insurance company is bad faith: **Delay may be evidence of bad faith. If you find in this case that the insurance company failed to timely investigate or failed to timely pay the claim, this may be evidence of bad faith.**

## DUTY TO PROMPTLY AND THOROUGHLY INVESTIGATE

Defendant State Farm never calculated the cost of repair, never thoroughly investigated the collapse damage or the high wind/tornado damages contrary to their own policy, good faith and statutory duties.

*Jessen v. National Excess Ins. Co.,* 108 N.M. 625, 776 P.2d 1244, (NMSC 1989):

> **The duty of good faith dealing by parties to an insurance contract has been recognized as a nondelegable duty, breach of which supports the award of punitive damages.** *Timmons v. Royal Globe Ins. Co.*, **653 P.2d 907 (Okla. 1982). The duty of the insurance company includes "a duty to the insured to make a reasonably prompt investigation of all relevant facts \*\*\*. And, if the insurance company cannot give its insured a valid reason for denying the claim, it has a final duty to promptly honor it."** *Bankers Life & Cas Co. v. Crenshaw*, **483 So.2d 254, 276 (Miss. 1985),** *aff'd* **486 U.S. 71, 108 S. Ct. 1645, 100 L. Ed. 2d 62 (1988); see also** *Mize v. Harford Ins. Co.,* **567 F. Supp. 550 (W.D. Va. 1982); J. McCarthy,** *Punitive Damages in Bad Faith Cases*     **1.11 (4th ed. 1987).**

## GOOD FAITH FIDUCIARY OBLIGATION TO POLICYHOLDER

**Issue of good faith is generally a question of fact for the jury.**  See *General Motors Acceptance Corp. v. Anaya*, 103 N.M. 72, 76, 703 P.2d 169, 173 (N.M. 1985).

See *Ellingwood v. N.N. Invs. Life Ins. Co.*, 111 N.M. 301, 805 P.2d 70 (NMSC 1991):

> *Chavez v. Chenoweth*, **89 NM, 423, 430, 553 P.2d 703, 710 (Ct. App. 1976) (relationship between insurer and insured imposes <u>fiduciary</u> obligation on insurer to deal with insured in good faith in matters pertaining to performance of insurance contract)."**

*Blacks Law Dictionary* (4th Ed) –

"<u>Fiduciary</u> – a person holding the character of a trustee in respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires . . .

<u>Fiduciary Relation</u> - . . . **the law raises a rule that neither party may . . . in such a way as to benefit himself . . ."**

3

**New Mexico recognizes that an insurer owes its insured a fiduciary duty to deal with the insured in good faith in matters pertaining to the performance of the insurance contract.** *Allsup's Convenience Stores, Inc. v. North River Ins. Co.*, 1999-NMSC-006, ¶ 37, 127 N.M. 1, 15, 976 P.2d 1, 15 ("The fiduciary duty is present 'because of the fiduciary obligations inhering in insurance relationships and because of concerns arising from the bargaining position typically occupied by the insured and the insurer.' *Romero v. Mervyn's*, 109 N.M. 249, 255, 784 P.2d 992, 998 (1989)

### VIOLATION OF THE NEW MEXICO INSURANCE CODE

### UJI – 13-1706 VIOLATION OF INSURANCE CODE

**There was in force in this state, at the time of the claim handling in this case, a law prohibiting certain practices by insurance companies.**

**If defendant engaged in any one of these practices, it is liable to plaintiff for damages proximately caused by its conduct if it acted knowingly.**

The New Mexico Insurance Code, Article 16 NMSA 1978 §59A-16-20 states in pertinent part that there is a violation where an insurance company:

> "A.  misrepresents to insureds pertinent facts or policy provisions relating to coverage's at issue;
> C. fails to adopt and implement reasonable standards for the prompt investigation and processing of insured claims arising under policies;
> E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;
> F.  failing to settle all catastrophic claims within a ninety-day period…

Furthermore, an expert in insurance bad faith may reasonably rely on the application of statutes in determining the reasonableness of a company's actions. *Kraeger v. Nationwide Mut. Ins. Company,* 1997 WL 109582 (E.D.Pa. 1997). It would be reasonable for experts in bad faith insurance practices to look to the relevant statutory and regulatory requirements in examining the

4

reasonableness of an insurer's actions. *Id.* at *2. The California Supreme Court has allowed expert testimony on "the conduct and motives of an insurance company in denying coverage":

> **We can conceive of many ways in which a lay jury, in assessing the conduct and motives of an insurance company in denying coverage under its policy, could benefit from the opinion of one who by profession and experience, was peculiarly equipped to evaluate such matters in the context of similar disputes.**

*Neal v. Farmers Ins. Exch.*, 21 Cal.3d 910, 924 (1978)

### UJI – 13-1707 VIOLATION OF UNFAIR PRACTICES ACT §57-12-1

**There was in force in this State, at the time of the dealings in this case, a law prohibiting a person selling insurance from engaging in unfair or deceptive trade practices. An unfair or deceptive trade practice is any false or misleading oral or written statement, visual description or other representation of which tends to or does deceive or mislead the policyholder.  A person who is deceived by an unfair or deceptive trade practice may recover damages proximately caused by the deception.  Plaintiff contends that Defendant engaged in the following prohibited practices:**

**(17)  failing to deliver the quality or quantity of goods or services contracted for;**

"Unconscionable trade practice" means any act or practice in connection with the sale or… the offering for sale…of any goods or services, including services provided by licensed professionals,…which is to a person's detriment:

**(1)  takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree;**

In the case of *G & G Services v. Agora*, 2000-NMCA-003 , 128 N.M. 434, the court stated:

> **"…we conclude that it was the jury's responsibility to decide if Agora acted reasonably.  The jury could reasonably determine from these facts that Agora …violated the Unfair Practices Act by failing to deliver the quality or quantity of goods contracted for."**

**This UPA applies to all misleading or deceptive statements, whether intentionally or unintentionally made.** *Ashlock v. Sunwest Bank*, 107 N.M. 100, 753 P.2d 346 (1988), overruled on other grounds, *Gonzales v. Surgidev Corp.*, 120 N.M. 133, 899 P.2d 576 (1995).

5

Because the Unfair Practices Act constitutes remedial legislation, its provisions are liberally interpreted to facilitate and accomplish its purposes and intent. *State ex rel. Stratton v. Gurley Motor Co*. 105 N.M. 803, 737 P.2d 1180 (Ct. App. 1987).

## **CONCLUSION**

The additional discovery and new evidence involves the issues of bad faith and unfair claims practices which includes State Farm's total failure to calculate the damages to repair the home from the high winds/tornados and collapse and their total failure to consider the repair costs when provided to State Farm.

WHEREFORE, Diane Swinney respectfully requests that the Court deny Defendant's Motion to Strike.

Respectfully submitted,

**/s/  Steven Vogel_____**
STEVEN VOGEL
10400 Academy Road NE - Suite #240
Albuquerque, New Mexico 87111
(505) 293-8888

I certify that on the 10th day of September, 2010, I e-mailed this document to the following counsel and I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

TERRY GUEBERT
Guebert & Bruckner, P.C.
tguebert@guebertlaw.com
*Attorney for Defendant State Farm*

**/s/  Steven Vogel_____**
STEVEN VOGEL

TERRENCE REVO
ROGER SMITH
Revo Law Firm
10400 Academy NE - #200
Albuquerque, New Mexico 87111
(505) 293-8888
*Attorneys for Plaintiff*