IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, )<br>　　　　Plaintiff, )<br> )<br>vs. )<br> )<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, a Foreign Corporation, )<br>STATE FARM ADJUSTER CODY CHAVEZ, )<br>and JOHN DOES 1 - 3, )<br>　　　　Defendants, ) | Case No: 10-2021-CM-JPO |

### STATE FARM FIRE AND CASUALTY COMPANY'S
### REPLY TO RESPONSE TO MOTION TO STRIKE PLAINTIFF'S
### SUPPLEMENTAL DESIGNATION AND REPORT OF LARRY VORBA

State Farm Fire and Casualty Company ("State Farm") submits the following reply to the response to the motion to strike plaintiff's August 12, 2010 "supplemental" expert disclosure and report of structural engineer Larry Vorba. (Doc. 217).

The response of plaintiff to State Farm's motion to strike the supplemental designation and report of Larry Vorba is a transparent attempt to circumvent prior Court orders disallowing her use of expert opinion evidence on the issue of "cost of repair." (Docs. 145, 151, 176). The response essentially argues that the May 14, 2010 deposition of Stephen Strzelec, plaintiff's "bad faith" expert, yielded "new" evidence necessitating "supplementation" of the designation and report of structural engineer Larry Vorba to include alleged claim-related repair costs. Of course, this evidence was "new" only in the sense that Mr. Strzelec had yet to be deposed and his opinion not until then fully disclosed *to State Farm*. But plaintiff knew or should have known Mr. Strzelec's opinions when she disclosed him as an expert in August 2008. (Plaintiff's 8/22/08 expert disclosure of Steven Strzelec, Ex. A). To suggest that Mr. Strzelec's May 2010 deposition testimony, to the effect that thorough claim investigation should

include a repair cost estimate, somehow came to plaintiff "out of the blue" is therefore disingenuous.

Further, there is no logical nexus between an insurer's supposed need for a repair estimate and the estimate's amount.  The amount of the estimate has no relevance to the issue of whether—as part of a thorough investigation—an estimate should be obtained in the first instance.  *Fed. R. Evid*. 401.  And it would seem strange that an insurance company, having determined that its policy provides no coverage for a particular claim, should be required to estimate repair costs lest it be deemed to have acted in "bad faith" in its investigation of the non-covered claim.

It is axiomatic that an insured asserting a "bad faith" claim has the burden to prove her case.  As this Court, in denying plaintiff's motion for reconsideration of the August 3, 2009 Order of Judge Vazquez of the District of New Mexico striking plaintiff's damages expert, stated,

> At best, plaintiff's argument is that she will not be allowed to present expert testimony on the cost of repairing her house at trial. Plaintiff may be correct to some degree; proceeding without the testimony of an expert may complicate the task of proving her case.  But the Federal Rules and the court's orders are in place to promote justice, set clear standards for performance, and establish boundaries for actions.  Plaintiff failed to comply with requirements of the court of the Federal Rules. There are consequences for failure to comply.  (Doc. 176, p. 4).

Plaintiff's October 2007 expert designation of Mr. Vorba disclosed his opinion that the insured premises are repairable in the engineering context. (Report of Larry Vorba, P.E., dated 10/28/07, Ex. B).  Repair costs, have no tendency in reason to make this opinion any more or less true.  The structure either can be fixed or not.  Mr. Vorba's August 12, 2010 repair cost estimate thus supplements nothing since his original opinion—that the structure can be fixed—was already complete.  Moreover, nothing has changed to justify plaintiff's attempt to now do indirectly, *i.e*, "supplement" her expert

2

designation to include repair costs, that which the Court has previously prohibited her from doing directly, *i.e.*, present at trial expert testimony on the cost of repair.  Plaintiff's repair cost-related supplemental designation and report of Mr. Vorba should be stricken as a result.

Finally, the response of plaintiff unapologetically ignores State Farm's request for sanctions for having to again deal with an evidentiary issue that the Court has twice before resolved adversely to her.   The Tenth Circuit in *Home Indemnity Co. v. Arapahoe Drilling Co.*, 5 F.3d 546 (C.A. 10 (N.M.) 1993) holds that sanctions under 28 U.S.C. 1927 are particularly appropriate when an attorney seeks to resurrect matters already concluded. *Citing, Limerick v. Greenwald,* 749 F.2d 97, 101-02 (1st Cir.1984)(attorney sanctioned for bringing repetitive motions which sought to relitigate matters already adjudicated); *Knorr Brake Corp. v. Harbil, Inc.,* 738 F.2d 223, 228 (7th Cir.1984)(counsel may be sanctioned for repeating arguments previously rejected).

For the forgoing reasons, State Farm requests that plaintiff's August 12, 2010 "supplemental" expert designation and report of Larry Vorba be stricken, and that sanctions be award in favor of State Farm and against plaintiff for costs and expenses, including attorney's fees, incurred in bring its motion to strike.

                                        WALLACE, SAUNDERS, AUSTIN,
                                        BROWN AND ENOCHS, CHARTERED

                              By:  /s/ Brian G. Boos_____
                                        James L. Sanders       KS #11483
                                        jsanders@wallacesaunders.com
                                        Brian G. Boos          KS #13714
                                        bboos@wallacesaunders.com
                                        10111 West 87th Street
                                        P.O. Box 12290
                                        Overland Park, KS 66282
                                        913-888-1000    Fax - 913-888-1065
                              ATTORNEYS FOR STATE FARM FIRE
                              AND CASUALTY COMPANY, a Foreign
                              Corporation

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the United States District Clerk using the CM/ECF system which sent notification of such filing on the 15th day of September, 2010, to:

Darren E. Fulcher
Fulcher & Brooks, LLC
Mark Twain Towers Building
106 W. 11th Street, Suite 1540
Kansas City, MO 64106

M. Terrence Revo
Roger I. Smith
10400 Academy Road NE, Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Road NE, Suite 240
Albuquerque, NM 87111
ATTORNEYS FOR PLAINTIFFS

Christopher J. DeLara
Terry R. Guebert
P.O. Box 93880
Albuquerque, NM 87199
ATTORNEYS FOR DEFENDANTS


       /s/ Brian G. Boos_____
For the Firm

4

wsabeop0 101126566 v.1