**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **DIANE SWINNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No. 10-2021-CM** |
| **STATE FARM FIRE AND CASUALTY** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S LEGAL MEMORANDUM IN SUPPORT OF**
**HER RESPONSE TO DEFENDANT'S MOTION IN LIMINE**
**REGARDING THE TESTIMONY OF STEPHEN STRZELEC [Doc. 207]**

**COMES NOW** the Plaintiff, Diane Swinney, (*hereinafter* "Swinney"), by and through her attorneys, Steven Vogel, The Revo Law Firm and Fulcher & Brooks, LLC, and provides her legal memorandum in support of her Response to Defendant State Farm Fire and Casualty Company's ("State Farm") Motion in Limine [Doc. 207]:

State Farm failed to take the deposition of Insurance Expert Strzelec on or before the initial discovery deadline of February 2, 2009. On May 11, 2010, upon State Farm's request, this Court approved an Amended Pretrial Order and granted State Farm an extension of time relating to discovery on the issues of bad faith and unfair trade practices. On May 14, 2010, State Farm took the deposition of Mr. Strzelec. On June 23, 2010 State Farm's "expert", Mr. Madison's deposition was taken regarding bad faith and unfair trade practices.

July 8, 2010, after receipt and review of the new evidence and opinions set forth in Mr. Madison's deposition, Mr. Strzelec provided his supplemental Rule 26 rebuttal and supplemental report as the former opinions were incomplete.

## **LEGAL AUTHORITIES**

Federal Rules of Civil Procedure Rule 26 states in pertinent part:

**(a) Required Disclosures.**

**(1)** *Initial Disclosure.*

**(A)** *In General.*
…a party must, without awaiting a discovery request, provide to the other parties:

**(2)** *Disclosure of Expert Testimony.*
**(A)** *In General.*
**(B)** *Written Report.*

**(C)** *Time to Disclose Expert Testimony.*

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

**(D)** *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).
**(E)** *Basis for Initial Disclosure;*

A party must make its initial disclosures based on the information then reasonably available to it.

**(E)** *Supplementing the Disclosure*. The parties must supplement these disclosures when required under Rule 26(e).

**(b) Discovery Scope and Limits.**

**(1)** *Scope in General.*
Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

> **(e) Supplementing Disclosures and Responses.**
>
> **(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> **(B)** as ordered by the court.
>
> **(2)** *Expert Witness.*For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.

In *Coles v. Perry,* 217 F.R.D. 1, 3 (D.D.C.2003) the Court discussed Rule 26:

> Under Rule 26(e)(1), a party has a "duty to supplement or correct" expert reports if the party learns that the original report is either "incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed.R.Civ.P. 26(e)(1). The duty to supplement is intended to benefit the recipient of the earlier disclosure by correcting misinformation or omissions in the prior disclosure. It…imposes an obligation to supplement the report when a party discovers the information it has disclosed is incomplete or incorrect."

*Rule 26(a)(2)(C)* states:

> Rule 26(a)(2)(C) establishes a default time line for the disclosure of expert materials. Fed.R.Civ.P. 26(a)(2)(C). The rule provides that, "in the absence of other directions from the court or stipulation by the parties, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial." *Id.* Disclosures intended "solely to contradict or rebut evidence on the same subject matter identified by another party" must be filed no later than 30 days after the disclosure to which it responds, and supplemental disclosures must be made when required by Rule 26(e). *Id.* Rule 26(e) provides that supplemental disclosures must be made "at appropriate intervals" but no later than the date that final pretrial disclosures are due under Fed.R.Civ.P. 26(a)(3).

As such, State Farm, after delaying discovery initially, postponing full disclosure in the case and requesting a stay as to certain aspects of the case, cannot now come in and request that Plaintiff's expert not be able to fully testify with all of the evidence and facts before him, which would be devastatingly prejudicial to the Plaintiff.

**Federal Evidence Rule 702 states:**

**"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education can testify thereto in the form of an opinion or otherwise…"**

In *Hangarter v. Provident,* 373 F.3d 998, the United States Court of Appeals stated:

…a jury's finding that an insurer's investigation of a claim was biased may preclude a finding that the insurer was engaged in a genuine dispute, even if the insurer advances expert opinions concerning its conduct. *See Chateau Chamberay,* 108 Cal.Rptr.2d at 785 ("an [insurer] expert's testimony [demonstrating a genuine dispute as to liability] will not *automatically* insulate an insurer from a bad faith claim based on a biased investigation"); *see also Guebara v. Allstate Ins. Co.,* 237 F.3d 987, 996 (9th Cir.2001) ("Our decision does not eliminate bad faith claims based on an insurer's allegedly biased investigation. Expert testimony does not automatically insulate insurers from bad faith claims based on biased investigations."). An insurer's bias may be shown through the following factors:

1. The insurer may have misrepresented the nature of the investigatory proceedings;

2. The insurer's employees lied in depositions or to the insured;

3. The insurer dishonestly selected its experts;

4. The insurer's experts were unreasonable; or

5. The insurer failed to conduct a thorough investigation; *Id.* 1010

Fed.R.Evid. 702. Rule 702 "contemplates a *broad conception* of expert qualifications." *Thomas v. Newton Int'l Enters.,* 42 F.3d 1266, 1269 (9th Cir.1994) *Id.* 1015

*Ford v. Allied Mut. Ins. Co.,* 72 F.3d 836, 841 (10th Cir.1996) (concluding that "expert witness for [the defendant] was permitted to testify" to "*the issue of bad faith* " by showing that the defendant relied on both "Iowa law" and "industry practice that before there is payment ..., one looks at the total coverage available at the time of the accident" (emphasis added))

…"a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Specht v. Jensen,* 853 F.2d 805, 809 (10th Cir.1988).

…"far from requiring trial judges to mechanically apply the *Daubert* factors-or something like them-to both scientific and non-scientific testimony, *Kumho Tire* heavily emphasizes that judges are entitled to broad discretion when discharging their gatekeeping function." *United States v. Hankey,* 203 F.3d 1160, 1168 (9th Cir.2000). Indeed, as we recently noted in *Mukhtar,* a "trial court not only has broad latitude in determining whether an expert's testimony is reliable, but also in deciding *how* to determine the testimony's reliability." *Mukhtar,* 299 F.3d at 1064 (citing *Hankey,* 203 F.3d at 1167) (emphasis added). Concerning the reliability of non-scientific testimony such as Caliri's, the "*Daubert* factors (peer review, publication, potential error rate, etc.) **simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it."** *Id.* at 1169 (emphasis added); *see also Kumho Tire,* 526 U.S. at 150, 119 S.Ct. 1167 ("Engineering testimony rests upon scientific foundations, the reliability of which will be at issue in some cases.... In other cases, the relevant reliability concerns may focus upon *personal knowledge or experience.*" (emphasis added)). *Id.* 1017

*Children's Broad. Corp. v. Walt Disney Co.,* 357 F.3d 860, 865 (8th Cir.2004) ("[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." (citation and quotation marks omitted)). *Id.* 1017

*United States v. Alatorre,* 222 F.3d 1098, 1102 (9th Cir.2000) ("Nowhere in *Daubert,* [ *General Elec. Co. v.] Joiner* [522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997)], or *Kumho Tire* does the Supreme Court mandate the form that the inquiry into relevance and reliability must take...."). *Id.* 1018

The U.S. Court of Appeals held in *Specht v. Jensen,* 853 F.2d 805:

> We begin our analysis with a careful look at the contents and purpose of Fed.R.Evid. 702. It states:

As noted by the advisory committee:

**There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.**

(Citation omitted.) Judge Weinstein expressed a similar point:
The test expressed in Rule 702-will the expert testimony **"assist the trier of fact to understand the evidence or to determine a fact in issue"**-emerges as the central concern of Article VII [of the Federal Rules of Evidence]. Although there were more restrictions on opinion evidence before the enactment of the Federal Rules, **helpfulness to the trier of fact was seen then as an essential condition of admissibility.**

3 *Weinstein's Evidence,* ¶ 702[01] (1985).  *Id.* at 807

In the matter of *Ford v. Allied,* 72 F.3d 836 the court held:

> What Allied's expert testified to went to the issue of bad faith, not to contract liability. The testimony was allowable in order to show the basis upon which Allied had declined payment under the UIM provisions of this policy. In that regard, the expert testified that Allied was relying on industry practice… *Id.* at 841

In *Children's Broadcasting v. The Walt Disney Co.,* 357 F.3d 860, the court held:

> ABC Radio and Disney contend (1) the theories of Dr. Jonathan Putnam (Dr. Putnam), the damages expert witness for Children's, were unfounded and speculative;…
> Dr. Putnam offered a theory regarding ABC Radio's and Disney's accelerated entry into children's radio. The jury could have used all or some or none of Dr. Putnam's various acceleration intervals (eleven months to two years) as benchmarks to calculate the appropriate amount of damages, depending on the jury's findings…
> Dr. Putnam provided dollar amounts to the jury of the increased value of ABC Radio and Disney…
>  The court found Dr. Putnam's testimony relevant and reliable under *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141-42, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The court concluded ABC Radio's and Disney's objections to Dr. Putnam's opinion were better directed to the weight of the testimony**\*865** rather than admissibility. Finally, the district court found the defendants had a full opportunity to cross-examine Dr. Putnam and could have presented expert testimony to rebut Dr. Putnam's assertions.

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.  *Id.* at 863-865

As we stated in the previous appeal, "[t]he jury was entitled to sort through the evidence presented at trial and to arrive at what it considered to be the damages caused by the conduct it found to be wrongful. In short, there was evidence from which the jury could approximate the amount of damages sustained by Children's."  *Id.* at 866

Children's presented ample evidence to support the jury's verdict. Dr. Putnam was qualified to testify as an expert on Children's trade secret damages, and the defendants had an opportunity to cross-examine him, present evidence to rebut his testimony, and argue in summation all of the inadequacies of Dr. Putnam's qualifications, credibility, methodology, and opinions.  *Id.* at 867

WHEREFORE, Plaintiff respectfully requests that the Court deny State Farm's Motion in Limine regarding Mr. Strzelec and for any further relief the court deems appropriate.

Respectfully submitted,

/s/  Steven Vogel
STEVEN VOGEL
10400 Academy Road NE - Suite #240
Albuquerque, New Mexico 87111
(505) 293-8888

TERRENCE REVO
ROGER SMITH
Revo Law Firm
10400 Academy NE - #200
Albuquerque, New Mexico 87111
(505) 293-8888

PHILLIP A. BROOKS
Fulcher & Brooks, LLC
Mark Twain Tower
106 West 11th Street, Suite 1540
Kansas City, Missouri 64105
(816) 471-2111

*Attorneys for Plaintiff*

I certify that on the 24th day of September, 2010, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

TERRY GUEBERT
Guebert & Bruckner, P.C.
tguebert@guebertlaw.com

BRIAN G. BOOS
Wallace Sunders
bboos@wallacesaunders.com
*Attorney for Defendant State Farm*

/s/  Steven Vogel
STEVEN VOGEL