### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIANE SWINNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No. 10-2021-CM** |
| **STATE FARM FIRE AND CASUALTY** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RESPONSE TO DEFENDANT'S MOTION IN LIMINE REGARDING AMOUNTS PAID BY STATE FARM FOR CATASTROPHIC CLAIMS ARISING FROM THE 2005 TORNADO SEASON [Doc. 209]

**COMES NOW** the Plaintiff, Diane Swinney, (*hereinafter* "Swinney"), by and through her attorneys, Steven Vogel, The Revo Law Firm and Fulcher & Brooks, LLC, and responds as follows to Defendant State Farm's Fire and Casualty Company's ("State Farm") Motion in Limine [Doc. 209].

### NEW MEXICO LAW PROVIDES FOR THE ADMISSION OF EVIDENCE OF THE CLAIMS HANDLING AMOUNTS PAID BY STATE FARM FOR THE TORNADO DAMAGE

The information about amounts paid by State Farm is designed to lead to discoverable evidence about this case and will show that State Farm is well aware of the catastrophe code assigned to these high winds/tornadoes in Kansas; yet, failed and refused to recognize that the tornado/high winds catastrophe which caused severe damage and injury in the State of Kansas in the end of June 2005.

This goes directly to State Farm's violation of their statutory duties and duties of good faith and fair dealing to take into consideration all of the evidence that they are aware of, as well

as information that they knew or should have know had they undertaken any type of reasonable, timely and thorough investigate and evaluate of this claim.

RULE 401. Definition of "relevant evidence."
"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

RULE 402. Relevant evidence generally admissible; irrelevant evidence inadmissible.
All relevant evidence is admissible, except as otherwise provided by constitution, by statute, by these rules or by other rules adopted by the supreme court. Evidence which is not relevant is not admissible.

The Federal Rules of Evidence Rule 406(B), Habit; Routine Practice states:

> **Evidence of the habit of a person or of the routine practice of an organization whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.**

**RULE 803. HEARSAY EXCEPTIONS; AVAILABILITY OF DECLARANT IMMATERIAL**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

> **6. Records of Regularly Conducted Activity.** A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation…

**RULE 404. CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS; OTHER CRIMES**

> **B. Other Crimes, Wrongs or Acts.** Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. **It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.** The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of any such evidence it intends to introduce at trial.

## PUNITIVE DAMAGES

### UJI 13-1718. PUNITIVE DAMAGES

**If you find that plaintiff should recover compensatory damages for the bad faith actions of the insurance company, and you find that the conduct of the insurance company was in reckless disregard for the interests of the plaintiff, or was based on a dishonest judgment,** or was otherwise willful or wanton, then you may award punitive damages.

"Reckless conduct" is the intentional doing of an act with utter indifference to the consequences.

**"Dishonest judgment" is a failure by the insurer to honestly and fairly balance its own interests and the interests of the insured.**

"Willful conduct" is the intentional doing of a wrongful act with knowledge that harm may result.

"Wanton conduct" is the doing of an act with utter indifference to or conscious disregard for a person's rights.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice, taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown.  The amount awarded, if any, must be reasonably related to the compensatory damages and injury.

The New Mexico Appellate Courts have upheld the award of punitive damages against insurance companies upon numerous basis, including:

### Fiduciary Good Faith Obligations:

**The failure of an insurer to honor its fiduciary obligations of good faith to the insured may indicate a culpable mental state.**  *Cf. Romero v. Mervyn's*, 109 N.M. 249, 255, 784 P.2d 992, 998(1989).  In New Mexico insurance companies owe a clear fiduciary obligation of good faith and fair dealing to their policyholders.  *Allsup's Convenience Stores Inc. v. Northriver Ins. Co.*, 1999-NMSC-006, 127 N.M. 1.

### Cumulative Conduct:

**"[T]he actions of the employees should have been viewed in the aggregate to determine whether the company had requisite culpable mental state to warrant imposition of punitive damages because of the cumulative conduct of employees."** *Clay v. Ferrellgas,*

*Inc.*, 118 N.M. 266, 268-69, 881 P.2d 11, 13-14 (NMSC 1994).  The Supreme Court indicated in *Clay* that the risk of danger posed by or the tortfeasor's conduct is a valid consideration in determining whether the conduct rises to the level of recklessness necessary to show a culpable mental state.  Thus, as the risk of danger increases, conduct that amounts to a breach of duty is more likely to establish the requisite culpable mental state to support an award of punitive damages.

New Mexico has long held that bad faith alone is sufficient to support an award of punitive damages.

> **The Court of Appeals incorrectly compartmentalized the conduct of the Ferrellgas employees.  It should have viewed the actions of the employees in the aggregate to determine whether Ferrellgas had the requisite mental state because of the cumulative conduct of the employees.**

*Clay v. Ferrellgas, Inc.,* 118 N.M. 266, 270, 881 P.2d 11, 15 (1994), *cert. denied,* 513 U.S. 1151 (1995).  *See also*, *Torres v. El Paso Electric Co.,* 127 N.M. 729, 743, 987 P.2d 386, 400 (1999) (affirming the Court's "decision to view the acts of corporate employees cumulatively for purposes of punitive damages.")

**<u>Vicarious Liability:</u>**

An insurance company is liable for the actions of independent agents they hire to investigate an insurance claim.  *Jessen v. National Excess Ins. Co.*, 108 N.M. 625, 776 P.2d 1244 (1989)

The standard for an award of punitive damages vicariously against an employer or principal is addressed in *Albuquerque Concrete Coring Co. v. Pan Am World Services, Inc.*, 118 N.M. 140, 879 P.2d 772 (1994), *Brashear v. Baker Packers*, 118 N.M. 581, 883 P.2d 1278 (1994), and *Rhein v. ADT Automotive, Inc.*, 122 N.M. 646, 930 P.2d 783 (1996).

**Factual Jury Determination:**

**Punitive Damages are to be determined by the jury.  If sufficient evidence exists to prove any one of the enumerated mental states, the trial court is required to instruct the jury on punitive damages.**  *See Gilmore v. Duderstadt,* 125 N.M. 330, 961 P.2d 175, 184 (Ct.App.1998).   In *Flores v. Baca, 117 N.M. 306, 871 P.2d 962, 964 (1994)*, for example, the trial court refused to instruct the jury on punitive damages.   On appeal, the New Mexico Supreme Court ordered a new trial on that issue because the jury could have inferred from the evidence that the defendant acted fraudulently.  *Id. at 968.*   **Once a plaintiff presents sufficient evidence of a requisite mental state, the question of punitive damages belongs to the jury.**  *Woodworkers Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999) remanded the case for the jury's determination of punitive damages stating:

> "Woodworker contends the district court erred in refusing to submit the issue of punitive damages to the jury.
>
> **Under New Mexico law, punitive damages may be awarded for conduct that is…willful, reckless, …or in bad faith.  If sufficient evidence exists to prove any one of the enumerated mental states, the trial court is required to instruct the jury on punitive damages.**
>
> Once a plaintiff presents sufficient evidence of a requisite mental state, the question of punitive damages belongs to the jury.  *Naranjo v. Paull,* 111 N.M. 165, 803 P.2d 254, 261-62 (App.1990).

**Compensatory or Nominal Damages Allow Punitive Damages:**

**Punitive damages may be recovered with an award of compensatory or nominal damages.**  *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 673 (1994); *Hudson v. Otero*, 80 N.M. 668, 459 P.2d 830 (1969);  *Montoya v.* Moore, 77 N.M. 326, 422 P.2d 363 (1967); Crawford *v. Taylor*, 58 N.M. 340, 270 P.2d 978 (1954).

State Farm cites the *Campbell* case which involved State Farm's **"…national scheme to meet corporate fiscal goals by coping payouts on claims company.  This scheme was referred to as State Farm's "Performance, Planning and Review," or PP&R, policy."** *Campbell v. State Farm,* 65 P.3d 1134, 1143

This case does NOT involve State Farm's nationwide schemes.  It is a tornado in Kansas case.

WHEREFORE, Plaintiff respectfully requests that the Court deny State Farm's Motion in Limine and for any further relief deemed appropriate.

Respectfully submitted,

**/s/  Steven Vogel**
STEVEN VOGEL
10400 Academy Road NE - Suite #240
Albuquerque, New Mexico 87111
(505) 293-8888

TERRENCE REVO
ROGER SMITH
Revo Law Firm
10400 Academy NE - #200
Albuquerque, New Mexico 87111
(505) 293-8888

PHILLIP A. BROOKS
Fulcher & Brooks, LLC
Mark Twain Tower
106 West 11th Street, Suite 1540
Kansas City, Missouri 64105
(816) 471-2111
*Attorneys for Plaintiff*

I certify that on the 24th day of September, 2010, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

TERRY GUEBERT
Guebert & Bruckner, P.C.
tguebert@guebertlaw.com

BRIAN G. BOOS
Wallace Sunders
bboos@wallacesaunders.com
*Attorney for Defendant State Farm*

**/s/  Steven Vogel**
STEVEN VOGEL