IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-2021-CM |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## STATE FARM'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE RECENTLY DISCLOSED AND IMPROPER REBUTTAL TESTIMONY OF PLAINTIFF'S EXPERT, STEPHEN L. STRZELEC

State Farm Fire and Casualty Company ("State Farm") submits the following Reply in support of its Motion in Limine to exclude the recently disclosed opinion testimony of Plaintiff's expert, Stephen L. Strzelec.

RESPONSE TO PLAINTIFF'S "MATERIAL FACTS"

1. State Farm disputes Plaintiff's "Fact" No. 1 and states that such "Fact" is insufficient to rebut State Farm's Motion. [Docs. 207 and 208] Mr. Strzelec's alleged qualifications do not excuse Plaintiff's failure to properly disclose Mr. Strzelec's opinion as required by the Rules of Civil Procedure and Order of this Court.

2. State Farm disputes Plaintiff's "Fact" No. 2. As set forth in State Farm's Motion, Plaintiff failed to properly disclose Mr. Strzelec's opinion in a timely manner as required by the Rules of Civil Procedure and Order of this Court. The Court allowed Plaintiff to provide rebuttal testimony limited to State Farm's insurance bad faith expert. The Court did not allow Plaintiff's expert to develop new theories and opinions. See State Farm's Motion [Docs. 207 and 208].

## STATE FARM'S FACTS

1. Plaintiff's denial of State Farm's Fact No. 1 does not alter the propriety of striking Mr. Strzelec's testimony.

2. Plaintiff's denial of State Farm's Fact No. 3 does not alter the propriety of striking Mr. Strzelec's testimony.

3. Plaintiff's response to State Farm's Fact No. 8 does not rebut the fact as asserted. In addition, Plaintiff asserts that "[w]e have now relocated Mr. Rogers." However, Mr. Rogers was previously withdrawn as an expert and never properly disclosed by Plaintiffs. See State Farm's Motion to Strike Plaintiff Diane Swinney's Second Supplemental Rule 26 Expert Disclosure [Doc. 152], ¶¶ 3 – 7. The Court should not allow Mr. Rogers to testify in this case.

4. Plaintiff's denial of State Farm's Fact No. 9 ignores the Court's Order and findings in respect to Plaintiff's improper disclosure of Mr. Ortwein.

5. Plaintiff's denial of State Farm's Fact No. 11 is misleading and Plaintiff fails to show any "new documents, facts or depositions" as asserted. Instead, Mr. Strzelec's proffered testimony is an improper attempt to disclose additional opinions that were not timely. See State Farm's Motion [Docs. 207 and 208].

6. Plaintiff's denial of State Farm's Fact No. 17 appears intentionally misleading. At the time Mr. Strzelec provided his initial opinion he was required to disclose all of his opinions. See State Farm's Motion [Docs. 207 and 208].

## ARGUMENT

A. <u>Plaintiff has failed to explain Plaintiff's failure to disclose Mr. Strzelec's testimony in a timely and proper manner.</u>

Plaintiff's response recites general legal principles applicable to expert testimony but fails to address the contentions within State Farm's Motion. Further, Plaintiff distorts the facts by asserting

that Mr. Strzelec's rebuttal and "supplemental" opinions were necessitated by "new evidence and opinions set forth in [State Farm's expert] Mr. Madison's deposition." However, as shown in State Farm's Motion, Mr. Strzelec's "rebuttal" and "supplemental" opinions do not even address Mr. Madison's testimony. Instead, Mr. Strzelec attempts to introduce new opinions, after expiration of Plaintiff's expert deadline, which is specifically not allowed. As shown in State Farm's Motion, Plaintiff's attempt to introduce the previously undisclosed opinions of Mr. Strzlec is contrary to the Rules of Civil Procedure and the prior Orders of the Court. Plaintiff fails to set forth any reasonable explanation for allowing Mr. Strzelec's improper testimony and the Court should enter an order prohibiting Mr. Strzelec from offering the improper testimony at trial.

WHEREFORE, State Farm requests that its Motion in Limine be granted and that any testimony of plaintiff's expert, Stephen L. Strzelec, be limited to those opinions expressed in his initial report, served August 22, 2008.

<div style="text-align: right;">

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED


By: /s/ Brian G. Boos
    James L. Sanders    KS #11483
    jsanders@wallacesaunders.com
    Brian G. Boos    KS #13714
    bboos@wallacesaunders.com
    10111 West 87th Street
    P.O. Box 12290
    Overland Park, KS 66282
    913-888-1000    Fax - 913-888-1065

ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY, a Foreign Corporation

</div>

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the United States District Clerk using the CM/ECF system which sent notification of such filing on the 12th day of October, 2010, to:

Darren E. Fulcher
Fulcher & Brooks, LLC
Mark Twain Towers Building
106 W. 11th Street, Suite 1540
Kansas City, MO 64106

M. Terrence Revo
Roger I. Smith
10400 Academy Road NE, Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Road NE, Suite 240
Albuquerque, NM 87111
ATTORNEYS FOR PLAINTIFFS

Christopher J. DeLara
Terry R. Guebert
P.O. Box 93880
Albuquerque, NM 87199
ATTORNEYS FOR DEFENDANTS

___/s/ Brian G. Boos_____________
For the Firm