## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10-2021-CM |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

### STATE FARM'S REPLY IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF UNRELATED CATASTROPHIC LOSS CLAIMS

### ARGUMENT

Evidence of amounts paid by State Farm for other alleged catastrophic loss claims will be inadmissible in this matter. Plaintiff nonetheless insists that State Farm's assignment of a catastrophe code to tornado claims in 2005 is relevant to whether State Farm violated routine standards and practices. Plaintiff also argues that such evidence is relevant because Plaintiff "will only ask the jury to impose punitive damages for conduct which occurred in Kansas." Yet Plaintiff's argument lacks fails to rebut any of the argument set forth by State Farm within State Farm's Motion [Docs 209 and 210]. As State Farm has shown, evidence regarding State Farm's payment of other wind damage claims in 2005 has no relevance to Plaintiff's claim and is inadmissible for any purpose.

Simply because State Farm paid other claims in the tri-state area of Kansas, Missouri and Oklahoma arising from 2005 tornado damage does not establish that

Plaintiff sustained a compensable loss caused by a tornado or high winds. Nor does such "evidence" establish that State Farm has responded, in bad faith, to Plaintiff's claim for damages. Testimony and evidence about unrelated catastrophic loss claims would be highly prejudicial to State Farm.

Plaintiff cites to the deposition testimony of her proposed insurance bad faith expert Steve Strzelec, which State Farm has moved to strike. *See* State Farm's Motion in *Limine* to Exclude Recently Disclosed Testimony and Improper Rebuttal Testimony of Plaintiff's Expert Stephen L. Strzelec [Docs. 207 and 208]. Not just improper, Mr. Strzelec's testimony actually supports State Farm's Motion in *Limine* by confusing the issues in this matter, and creates an improper inference that because State Farm paid other wind damage claims it should have paid Plaintiff's claim. But State Farm, based on the investigation of case-specific experts, determined that Plaintiff's individual claim is not compensable. *See* Exhibit C, to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206]. Evidence of State Farm's payment of unrelated catastrophic loss claims should therefore be disallowed.

## CONCLUSION

State Farm's payment of wind or tornado damage claims made by other insureds and other dissimilar conduct is inadmissible because it is irrelevant, unfairly prejudicial, and would only confuse the issues and needlessly prolong the trial of this case. In addition, under federal constitutional law, evidence of conduct that is dissimilar to the alleged conduct giving rise to Plaintiff's claims should be excluded from the trial of this case. As the Supreme Court held in *State Farm Mutual Automobile Insurance Co. v.*

2

wsabeop0 101131894 v.1

*Campbell,* 538 U.S. 408, 421, 123 S.Ct. 1513, 1522, 155 L. Ed.2d 585, 603 (2003), the use of such evidence for purposes of punitive damages is constitutionally impermissible.

For the foregoing reasons, State Farm respectfully submits that its motion in *limine* to exclude evidence of unrelated claims and dissimilar, out-of state conduct should be granted.

        WALLACE, SAUNDERS, AUSTIN,
        BROWN AND ENOCHS, CHARTERED

By: /s/ Brian G. Boos
    James L. Sanders    KS #11483
    jsanders@wallacesaunders.com
    Brian G. Boos    KS #13714
    bboos@wallacesaunders.com
    10111 West 87th Street
    P.O. Box 12290
    Overland Park, KS 66282
    913-888-1000    Fax - 913-888-1065

ATTORNEYS FOR STATE FARM FIRE AND CASUALTY COMPANY, a Foreign Corporation

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the United States District Clerk using the CM/ECF system which sent notification of such filing on the 12th day of October, 2010, to:

Darren E. Fulcher
Fulcher & Brooks, LLC
Mark Twain Towers Building
106 W. 11th Street, Suite 1540
Kansas City, MO  64106

M. Terrence Revo
Roger I. Smith
10400 Academy Road NE, Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Road NE, Suite 240
Albuquerque, NM  87111
ATTORNEYS FOR PLAINTIFFS

Christopher J. DeLara
Terry R. Guebert
P.O. Box 93880
Albuquerque, NM  87199
ATTORNEYS FOR DEFENDANTS


     /s/ Brian G. Boos
For the Firm