## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DIANE SWINNEY,                          )
                                        )
               Plaintiff,                )
                                        )
vs.                                     )          Case No. 10-2021-CM
                                        )
STATE FARM FIRE AND CASUALTY            )
COMPANY,                                )
                                        )
               Defendant.                )

### STATE FARM'S REPLY IN SUPPORT OF MOTION
### FOR PARTIAL SUMMARY JUDGMENT

State Farm Fire and Casualty Company ("State Farm") submits that Plaintiff has failed to rebut State Farm's showing that it is entitled to summary judgment as a matter of law as to Plaintiff's bad faith, New Mexico Unfair Claims Practices Act, New Mexico Unfair Trade Practices Act and punitive damages claims.

### RESPONSE TO PLAINTIFF'S "FACTS"

1.      Plaintiff's "Fact" No. 1 is disputed; the testimony outlined within "Fact" No. 1 is the subject of State Farm's Motion in *Limine* to Limit the Testimony of Dean Black [Doc. 211 and 212]. In addition, the testimony outlined within this "Fact" does not refute the findings of the engineer retained by State Farm, Laurence C. Fehner, upon which State Farm is entitled to rely. *See* Exhibit C, to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].

2.      Plaintiff's "Fact" No. 2 is disputed and is the subject of State Farm's Motion in *Limine* to Exclude Argument, Evidence, and Testimony Concerning Amounts Paid by State Farm for Catastrophic Claims arising from the 2005 Tornado Season [Docs 209 and

210]. It is irrelevant that State Farm assigned a catastrophe code because Plaintiff's home did not sustain wind/tornado damage. *See* Exhibit C, to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].

3.       Plaintiff's "Fact" No. 3 is disputed and does not refute the findings of the engineer retained by State Farm, Laurence C. Fehner, upon which State Farm is entitled to rely. *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].

4.       Plaintiff's "Fact" No. 4 is disputed and refuted by the report State Farm obtained from meteorologist Donald W. Burgess, Adjunct Professor of Meteorology at the University of Oklahoma, who opines,

> A Supercell storm struck Cherokee County, Kansas, including Columbus and the Swinney residence on the evening of June 30, 2005. Although the Supercell produced two tornadoes in Cherokee County, neither struck Columbus or the Swinney residence. Instead, the town and residence were struck with Supercell-mesocyclone-associated, straight-line-winds of 60 to 70 mph…lower end EF0 winds on the EF-scale. These winds are too weak to be responsible for the substantial structural damage sustained by the residence…roof rafter supports moved, rafters and ceiling joists cracked, etc. **Never in my 37 years of doing damage surveys (well over 100 surveys), have I seen winds in that low range be responsible for damages that significant. I conclude that winds associated with the Supercell were not the cause of the reported damage. Some other damage-causing agent must have been present…something other than wind.**

**Exhibit A, p. 4, 5** (emphasis in original).

State Farm is entitled to rely upon the opinion of Professor Burgess and this "fact" does not alter State Farm's entitlement to summary judgment as a matter of law.

5.       Plaintiff's "Fact" No. 5 is disputed and refuted by the findings of the engineer retained by State Farm, Laurence C. Fehner, upon which State Farm is entitled to rely.

2

*See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  State Farm is entitled to rely upon the opinion of Mr. Fehner and this "fact" does not alter State Farm's entitlement to summary judgment as a matter of law.

6.      Plaintiff's "Fact" No. 6 is disputed and is the subject of State Farm's Motion in *Limine* to Exclude Recently Disclosed Testimony and Improper Rebuttal Testimony of Plaintiff's Expert, Stephen L. Strzelec [Doc. 208].

7.      Plaintiff's "Fact" No. 7 is not disputed.  However, Plaintiff's "fact" does not alter State Farm's entitlement to summary judgment as a matter of law.

## PLAINTIFF'S RESPONSE TO MATERIAL FACTS

1.      Plaintiff's denial of State Farm's Fact No. 1 does not alter State Farm's entitlement to summary judgment under New Mexico law.

2.      Plaintiff's denial of State Farm's Fact No. 2 fails to address State Farm's contention.  It is undisputed that State Farm hired Mr. Fehner, who determined that Plaintiff's home did not sustain wind damage.  *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  State Farm is entitled to rely upon the opinion of Mr. Fehner and Plaintiff's denial of this "fact" does not alter State Farm's entitlement to summary judgment as a matter of New Mexico law.

3.      Plaintiff's denial of State Farm's Fact No. 4 does not alter State Farm's entitlement to summary judgment as a matter of New Mexico law.  It is undisputed that State Farm hired Mr. Fehner, who determined that Plaintiff's home did not sustain wind damage.  *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  State Farm is entitled to rely upon the opinion of Mr. Fehner.

wsabeop0 101131915 v.1

4.      Plaintiff's denial of State Farm's Fact No. 5 is contrary to Mr. Fehner's report and fails to address State Farm's contention.  It is undisputed that State Farm hired Mr. Fehner, who determined that Plaintiff's home did not sustain wind damage.  *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  State Farm is entitled to rely upon the opinion of Mr. Fehner and Plaintiff's denial of this "fact" does not alter State Farm's entitlement to summary judgment as a matter of New Mexico law.

5.      Plaintiff's denial of State Farm's Fact No. 7 does not alter State Farm's entitlement to summary judgment as a matter of New Mexico law and State Farm has not sought summary judgment as to Plaintiff's breach of contract claim.

6.      Plaintiff's denial of State Farm's Fact No. 8 is contrary to Mr. Strzelec's testimony and does not alter State Farm's entitlement to summary judgment as a matter of New Mexico law.

7.      Plaintiff's denial of State Farm's Fact No. 9 is nonsensical.  If Plaintiff is denying that the terms and conditions of the policy were agreed upon, then there is no binding contract between the parties and State Farm and State Farm is entitled to summary judgment as a matter of law.  *See Saxon Mortgage, Inc. v. Mortgage Plus, Inc.,* 130 F.Supp.2d 1236, 1245 n. 4, *citing Steele v. Harrison,* 552 P.2d 957 (Kan. 1976)(a contract requires mutual assent).  "Insurance is a contract whereby for consideration one party agrees to indemnify or guarantee another party against specified risks."  *Cordova v. Wolfel,* 120 N.M. 557, 559, 903 P.2d 1390, 1392 (1995)(*citing New Mexico Life Ins. Guar. Ass'n v. Moore,* 93 N.M. 47, 50, 596 P.2d 260, 263 (1979)).  New Mexico courts have held:

> …the insured is under a duty to read his policy.  Receipt and
> retention of an insurance policy without objection by one who
> has had an opportunity to examine it for a reasonable time is
> regarded as an acceptance of its terms.  The insured is
> required to familiarize himself with its terms.  Second, the
> insured, and not the insurance company, bears the burden
> of managing his business affairs, including insurance
> coverage.  In the absence of special circumstances…the
> insurance company is not required to manage people's
> affairs.

*Romero v. Dairyland Insurance Co,,* 111 N.M. 154, 158, 803 P.2d 243, 247 (1990)(citing

*State Farm Fire & Casualty Co. v. Price,* 101 N.M.438, 684 P.2d 524 (1984)).  When an

insured has an opportunity of seeing and examining the policy, the insured is bound by

the statements contained therein.  *Porter v. Butte Farmers Mut. Ins. Co.,* 68 N.M. 175,

179, 360 P.2d 372, 375 (1961)(*citing Gendron v. Calvert Fire Ins. Co.,* 47 N.M. 348, 143

P.2d 462 (1943)).  "[R]eceipt and retention of the policy [of insurance] without objection,

by one who has had an opportunity to examine it for a reasonable time, is regarded as

an acceptance of its terms."  *Western Farm Bureau Mut. Ins. Co. v. Barela,* 79 N.M.

149, 151, 441 P.2d 47, 49 (1968).

Absent a statute to the contrary, insurance contracts are construed by the same

principles which govern the interpretation of all contracts.  *Dairyland Ins. Co. v. Herman,*

1998-NMSC-005, ¶ 12, 124 N.M. 624, 954 P.2d 56 (1997); *Rummel v. Lexington Ins. Co.,*

1997-NMSC-041, ¶ 18, 123 N.M. 752, 758, 945 P.2d 970, 976 (1997), *citing* 2 Lee R.

Russ & Thomas F. Segalla, *Couch on Insurance 3d* §21:1 (1996) [hereinafter *Couch 3d*];

*Jaramillo v. Providence Washington Ins. Co.,* 1994-NMSC-015, 117 N.M. 337, 340, 871

P.2d 1343 (1994).

8.     Plaintiff's denial of State Farm's Fact No. 11 does not alter State Farm's

entitlement to summary judgment as a matter of New Mexico law.  It is undisputed that

5

State Farm hired Mr. Fehner, who determined that Plaintiff's home did not sustain wind damage.   *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  State Farm is entitled to rely upon the opinion of Mr. Fehner.

9.     Plaintiff's denial of State Farm's Fact No. 12 does not alter State Farm's entitlement to summary judgment as a matter of New Mexico law.  It is undisputed that Mr. Vorba's opinion is not consistent with Mr. Fehner's opinion, who determined that Plaintiff's home did not sustain wind damage.   *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  State Farm is entitled to rely upon the opinion of Mr. Fehner.

10.     Plaintiff's denial of State Farm's Fact No. 14 does not alter State Farm's entitlement to summary judgment as a matter of New Mexico law, as set forth herein.

## ARGUMENT

### I.     Plaintiff's does not correctly state the law.

#### A.     Bad Faith/Breach of Fiduciary Duty

Plaintiff attempts to confuse the legal principles applicable to bad faith claims under New Mexico law.  Plaintiff claims that whether or not State Farm has "fairly debated" coverage is non-determinative; instead, "reasonableness" is the sole standard to be applied.  First, Courts examining the "fairly debatable" standard under New Mexico law have equated "fairly debatable" with "reasonableness."   *See, e.g., Marathon Ashland Pipeline LLC v. Maryland Casualty Co.,* 243 F.3d 1232, 1246 (10th Cir. 2001)("The standard to be employed by a jury in evaluating the insured's argument that the claim was not "fairly debatable" is that of a reasonable insurer – i.e., would a reasonable insurer

wsabeop0 101131915 v.1

under the circumstances have denied or delayed payment?")(*Id., citing* 46A C.J.S. Ins. §
1580)).

Moreover, the "reasonableness" standard proposed by the Plaintiff applies only to
cases involving whether an insurer "under the circumstances [has] timely and fair[ly]
investigated and evaluated…the claim."  New Mexico UJI 13-1702.  Plaintiff in this case
has provided no evidence that State Farm failed to timely and fairly investigate and
evaluate her claim.  Instead, Plaintiff argues that State Farm investigated Plaintiff's claim
and came to the wrong conclusion.  Plaintiff cites several inapplicable non-New Mexico
cases to support her argument; however, New Mexico Uniform Jury Instructions require
that State Farm's claim denial be determined under the following standard:

> An insurance company acts in bad faith when it refuses to pay
> a claim of the policyholder for reasons which are *frivolous or
> unfounded.*  An insurance company does not act in bad faith
> by denying a claim for reasons which are reasonable under
> the terms of the policy.

New Mexico UJI 13-1702. (emphasis added).

Further,

> Under New Mexico law, an insurer who fails to pay a first-
> party claim has acted in bad faith where its reasons for
> denying or delaying payment of the claim are *frivolous or
> unfounded.…We have defined "frivolous or unfounded" as
> meaning an arbitrary or baseless refusal to pay, lacking any
> support in the wording of the insurance policy or the
> circumstances surrounding the claim:*
>
> > *"Unfounded" in this context does not mean
> > "erroneous" or "incorrect"; it means essentially
> > the same thing as "reckless disregard," in
> > which the insurer "utterly fails to exercise care
> > for the interests of the insured in denying or
> > delaying payment on an insurance policy."  It
> > means an utter or total lack of foundation for an
> > assertion of nonliability – an arbitrary or*

7

> *baseless refusal to pay, lacking any arguable*
> *support in the wording of the insurance policy*
> *or the circumstances surrounding the claim.  It*
> *is synonymous with the word with which it is*
> *coupled: "frivolous."*

*Sloan v. State Farm Mutual Automobile Insurance Company,* 2004-NMSC-4, ¶ 18, 135 N.M. 106, 112-13, 85 P.3d 230, 236-37 (quoting *Jackson Nat'l Life Ins. Co. v. Receconi,* 113 N.M. 403, 419, 827 P.2d 118, 134 (1992))(emphasis added).  There is no evidence that State Farm's denial of Plaintiff's claims was "frivolous or unfounded… lacking any arguable support in the wording of the insurance policy or the circumstances surrounding the claim.*"*  State Farm is therefore entitled to judgment on Plaintiff's bad faith claim as a matter of law.

To the extent Plaintiff cites New Mexico cases; she fails to show that any of them defeat summary judgment in this matter.  For example, Plaintiff relies on *Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co.,* 690 P.2d 1022, 1025, 102 N.M. 28 (1984), and *City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576 (10th Cir. 1998).  But *Ambassador* and *City of Hobbs* are "failure to settle" cases in which the issue was whether the insurer had reasonably defended the plaintiff under plaintiff's liability policy of insurance.  Failure to settle claims are governed by New Mexico UJI 13-1704 *not 13-1702 as discussed above*.

Plaintiff also cites *Jessen v. National Excess Ins. Co.,* 776 P.2d 1244, 108 N.M. 625 (1989).  However, *Jessen* predates the enactment of UJI 13-1702, and recognizes that a bad faith claim requires evidence that a denial was "frivolous or unfounded," and that no claim exists if an insurer "give[s] its insured a valid reason for denying the claim."  *Jessen,* 776 P.2d at 627 n.2, and 629.  Lastly, Plaintiff relies on *O'Neel v. USAA,* 2002-NMCA-028, 41 P.3d 356, but in that case, the Court found that there was evidence "that USAA

8

*intentionally and maliciously* misinterpreted the policy, coverage, and duties of the insured" supporting a finding that the insurance company's actions were "frivolous or unfounded." *O'Neel,* ¶¶ 10 and 11. In this matter, there is no evidence that State Farm has acted intentionally and maliciously and summary judgment is appropriate under New Mexico law.

Plaintiff continues to insist that State Farm owes a "fiduciary duty" to Plaintiff in this matter. However, an insurer's fiduciary duty in New Mexico is limited to situations in which *the insurer acts on behalf of the insured.* There is no fiduciary duty owed to the insured in cases where the insurer disputes coverage. Otherwise, the insurer could never dispute coverage as it would be violating its fiduciary duty to the insured. *See Chavez v. Chenoweth,* 89 N.M. 423, 430, 553 P.2d 703, 710 (Ct. App. 1976) Moreover, Plaintiff ignores the rule that "fiduciary duty" and "bad faith" are synonymous in the insurance context and no breach of fiduciary duty claim exists independent of a claim for bad faith. *Chavez v. Chenoweth,* 89 N.M. 423, 430, 553 P.2d 703, 710 (Ct. App. 1976)(disallowing both claims of breach of fiduciary duty and bad faith in the insurance context). Plaintiff's bad faith claims are governed by the law as outlined within UJI 13-1702, and *Sloan, i.e.,* there must be a "frivolous or unfounded" refusal to pay.

Plaintiff argues, alternatively, that the "mend the hold" doctrine is applicable to Plaintiff's claims and that State Farm "argues new excuses for claim denial." Plaintiff's Response [Doc. 223], p. 8. However, Plaintiff fails to show that State Farm has asserted "new" reasons for denial of Plaintiff's claim. Instead, State Farm has consistently asserted that Plaintiff's home did not sustain wind damage. *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206]. Plaintiff's "mend the hold" argument thus has no applicability to State Farm's Motion and should be ignored.

wsabeop0 101131915 v.1

### B.      New Mexico Insurance Code

Plaintiff cites several sections of the New Mexico Insurance Code in an attempt to avoid summary judgment.   However, summary judgment remains appropriate because Plaintiff has failed to show that any evidence exists that supports any of the cited sections. There is no evidence that State Farm' misrepresented pertinent facts or policy provisions related to coverage.  *See* NMSA 1978, § 59A-16-20(A).  Plaintiff's own expert has opined that any alleged claim delay is "*not important to the overall handling of this case*."  Hence, Plainitff's claim, pursuant to 59A-16-20(C), regarding the "prompt investigation and processing of insured claims" is unsupportable.

Further, 59A-16-20(E), only applies when "liability has become reasonably clear;" and 59A-16-20(F) only applies when "a catastrophic loss has been declared."   In this matter, there is no evidence that State Farm's liability is reasonably clear or that Plaintiff sustained a catastrophic loss compensable under the policy.  Indeed, State Farm's experts have stated that Plaintiff's residence did not sustain wind damage covered by the policy. *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  Based on the clear language of 59A-16-20(G), Plaintiff is required to show that State Farm has "offered substantially less" than Plaintiff has "made claims for."   Since Plaintiff's claim is not covered under the policy State Farm had no legal obligation to make a payment offer and Plaintiff has not shown that, even if coverage exits, she has made a reasonable claim for payment.   Summary judgment is therefore appropriate as to all of Plaintiff's claims under the New Mexico Insurance Code.

Finally, Plaintiff cites *G & G Services, Inc. v Agora Syndicate, Inc.*, 2000-NMCA-003, 128 N.M. 434, 993 P.2d 751 as a source for a potential viable claim under the Code.

10

However, in *Agora*, the Court noted that the plaintiff's claim was valid only because the insurer failed to provide "a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law[.]"   *Agora*, at ¶ 32, 443, 760.   Again, State Farm's experts have opined that Plaintiff's home did not sustain wind damage.   *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].   State Farm is entitled to rely upon the opinion of Mr. Fehner and is thus entitled to summary judgment.

### C.   New Mexico Unfair Trade Practices

Plaintiff's Response to State Farm's Motion for Summary Judgment in regard to the New Mexico Unfair Trade Practices Act merely cites cases without context and fails to establish an essential element of an Unfair Trade Practices Act claim.

The New Mexico Supreme Court has identified four elements that must be established in order to recover under the Unfair Practices Act, NMSA 1978, §§ 57-12-1, *et. seq.   See also Ashlock v. Sunwest Bank of Roswell, N.A.,* 107 N.M. 100, 101, 753 P.2d 346, 347 (1988).   All four elements must be established or a claim under the Act must fail.   *Stevenson v. Louis Dreyfus Corp.,* 112 N.M. 97, 100, 811 P.2d 1308, 1311 (1991).   As set forth in State Farm's Motion, *Stevenson* holds that *an insurer's alleged improper action must be at the time of the sale and a subsequent failure in performance does not fall within the Act*.   The Plaintiff in this case argues that an alleged post-sale alleged breach of contract and/or violations of the Unfair Claims Practices Act, §59A-16-1 *et seq.,* constitutes an action claim under the Act.   But Plaintiff fails to allege any specific misrepresentation by State Farm in Count IV of her Complaint, the first essential element under the Unfair Practices Act.   Where even one essential elements of a claim under the Act is neither

pleaded nor shown, such claim must fail. *Stevenson, Id.*  Absent evidence that State Farm knowingly made a false or misleading misrepresentation to Plaintiff *at the time the insurance policy was purchased,* State Fram is entitled to judgment on Count IV of the Complaint as a matter of law**.**

### D.    Punitive Damages

Plaintiff has failed to refute that State Farm is entitled to summary judgment as to Plaintiff's punitive damages claims.  There is no evidence that State Farm's conduct was "in reckless disregard for the interests of the plaintiff, or was based on a dishonest judgment, or was otherwise willful or wanton" as required under New Mexico law.  State Farm's denial of Plaintiff's claim was based upon State Farm's expert who determined that Plaintiff's residence did not sustain wind damage compensable under State Farm's policy.  *See* Exhibit C to State Farm's Memorandum in Support of Motion for Summary Judgment [Doc. 206].  "Because punitive damages are imposed for the limited purposes of punishment and deterrence, a culpable mental state is a prerequisite to punitive damages."  *Sloan,* ¶ 17, 112, 236 (*citing McGinnis v. Honeywell, Inc.,* 110 N.M. 1, 791 P.2d 452 (1990)).  There is no evidence supporting Plaintiff's punitive damages claim and State Farm is entitled to summary judgment as a matter of law.

WHEREFORE, State Farm requests that its Motion for Partial Summary Judgment be granted, that the Court determine that State Farm's investigation and subsequent denial of Plaintiff's claim was reasonable, that Counts II, III and IV of the Complaint be dismissed with prejudice, and that all claims for punitive damages be dismissed as a matter of law.

12

WALLACE, SAUNDERS, AUSTIN,
BROWN AND ENOCHS, CHARTERED


By: /s/ Brian G. Boos
    James L. Sanders      KS #11483
    jsanders@wallacesaunders.com
    Brian G. Boos        KS #13714
    bboos@wallacesaunders.com
    10111 West 87th Street
    P.O. Box 12290
    Overland Park, KS 66282
    913-888-1000    Fax - 913-888-1065

ATTORNEYS FOR STATE FARM FIRE
AND CASUALTY COMPANY, a Foreign
Corporation

The undersigned hereby certifies that a true and
correct copy of the above and foregoing was
electronically filed with the United States District Clerk

wsabeop0 101131915 v.1

using the CM/ECF system which sent notification of
such filing on the 12th day of October, 2010, to:

Darren E. Fulcher
Fulcher & Brooks, LLC
Mark Twain Towers Building
106 W. 11th Street, Suite 1540
Kansas City, MO  64106

M. Terrence Revo
Roger I. Smith
10400 Academy Road NE, Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Road NE, Suite 240
Albuquerque, NM  87111
ATTORNEYS FOR PLAINTIFFS

Christopher J. DeLara
Terry R. Guebert
P.O. Box 93880
Albuquerque, NM  87199
ATTORNEYS FOR DEFENDANTS

   /s/ Brian G. Boos
For the Firm