# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DIANE SWINNEY,        )
                      )
      Plaintiff,    )
                      )        CIVIL ACTION
v.                    )
                      )        Case No. 10-2021-CM
STATE FARM FIRE AND CASUALTY )
COMPANY,              )
                      )
      Defendant.    )
                      )

## MEMORANDUM AND ORDER

This case involves an insurance dispute. Plaintiff Diane Swinney claims that her insurance company, defendant State Farm Fire and Casualty Company, failed to properly investigate and pay a claim that plaintiff made for tornado damage to a house she owns in Kansas. She claims that defendant's actions breached their insurance contract. She further alleges that defendant's actions constituted bad faith, a breach of fiduciary duties, and a violation of the New Mexico insurance code and the New Mexico Unfair Practices Act. The case is before the court on the Motion of State Farm Fire and Casualty Company to Strike Plaintiff's Supplemental Designation and Report of Larry Vorba (Doc. 202).

The issue raised in this motion is whether plaintiff should be allowed to present testimony through one of her experts—Larry Vorba, her structural engineering expert—of repair costs to her house. Mr. Vorba's original report discussed the cause of damage to the house and recommended repair measures. Although Mr. Vorba did not originally offer an opinion about the cost of repairs, he supplemented his report on August 11, 2010. Plaintiff claims that supplementation was necessary because Steven Strzelec, plaintiff's designated insurance expert, stated in his deposition that defendant never conducted an investigation regarding the amount of damage to the house. Plaintiff

argues that when Mr. Strzelec testified in this manner, it necessitated supplementation of Mr. Vorba's report, which was incomplete. According to plaintiff's counsel, the supplementation was necessary to complete Mr. Strzelec's proffered opinion that when defendant denied plaintiff's insurance claim, it "failed to take the very minimum steps required in determining the cost of repair to the [plaintiff's] home and garage."

Mr. Vorba's supplemental opinion comes on the heels of the court taking several actions: (1) striking plaintiff's expert on damages, Steven Ortwein (and declining to reconsider that decision); (2) denying plaintiff's motion to extend the expert designation deadline; and (3) granting defendant's motion to strike plaintiff's second supplemental Rule 26 expert disclosure. In an opinion filed February 8, 2010, this court stated:

> At best, plaintiff's argument is that she will suffer manifest injustice if Judge Vazquez's decision [striking Mr. Ortwein as an expert] stands because she will not be allowed to present expert testimony of the cost of repairing her house at trial. Plaintiff may be correct to some degree; proceeding without the testimony of an expert may complicate the task of proving her case. But the Federal Rules and the court's orders are in place to promote justice, set clear standards for performance, and establish boundaries for actions.

(Doc. 176, at 3.) Plaintiff's attempt to supplement Mr. Vorba's report appears to be another effort to present evidence of repair damages to the jury.

The court sees two basic problems with plaintiff's attempt. First, it appears improper to the court for plaintiff to claim that new evidence necessitated supplementation, when that new evidence came from plaintiff's *own* expert. Second—and as an independent reason for granting defendant's motion—the court fails to see the connection between Mr. Strzelec's new opinion (that defendant should have procured a repair estimate) and Mr. Vorba's new opinion about the amount the repairs would cost. In other words, the cost of repairs does not impact whether an insurance company had a

duty to procure an estimate. If an insurance company has a duty to estimate costs, that duty exists regardless of the dollar amount associated with those repairs.

Defendant asks the court to sanction plaintiff for raising this issue again. Specifically, defendant argues that sanctions under 28 U.S.C. § 1927 are appropriate when an attorney seeks to relitigate matters already concluded. *See generally Braley v. Campbell*, 832 F.2d 1504, 1513 (10th Cir. 1987). The court has reviewed the standards of § 1927, as well as the standards for discovery sanctions under Fed. R. Civ. P. 37. While it certainly could be argued that plaintiff wants "another bite at the apple," the court does not find plaintiff's attempt to supplement Mr. Vorba's report as so egregious as to warrant sanctions. Plaintiff's counsel's argument does not prevail, but the court views counsel's effort as one to zealously advocate for the client. The court determines that striking Mr. Vorba's supplemental designation and report, without further imposing costs and expenses against plaintiff, is sufficient.

**IT IS THEREFORE ORDERED** that the Motion of State Farm Fire and Casualty Company to Strike Plaintiff's Supplemental Designation and Report of Larry Vorba (Doc. 202) is granted.

Dated this 13th day of October 2010, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**