IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIANE SWINNEY,** | ) |
| | ) |
| Plaintiff(s), | ) **CIVIL ACTION** |
| | ) **CASE NO.  10-2021-CM-JPO** |
| **v.** | ) |
| | ) |
| **STATE FARM FIRE AND CASUALTY** | ) |
| **COMPANY, a foreign corporation,** | ) |
| | ) |
| Defendant(s). | ) |

## MOTION *IN LIMINE* TO ALLOW TESTIMONY
## OF NEWLY DISCOVERED FACT WITNESS, DON BAGDRIWICZ

Comes now the Plaintiff, by and through her attorneys of record, Steven Vogel, The Revo

Law Firm, P.A., and Darren Fulcher, and for her Motion *In Limine* to Allow Testimony of

Newly Discovered Fact Witness, Don Bagdriwicz states as follows:

### INTRODUCTION

Don Bagdriwicz is a residential contractor who earns his living building, repairing,

roofing, and remodeling homes in the Columbus, Kansas area which is the same area in which

the Swinney home that is the subject of this action is located.  In fact, he remodeled portions of

the Swinney home many years ago for a previous owner.  He also repaired homes near the

Swinney home after the June 30, 2005 tornado that damaged her home.  He will testify about his

personal observations of the Swinney home before and after the tornado of June 30, 2005.

Specifically, he will testify about his extensive observations of the foundation and other

parts of the home when he first worked on the home, and how they compare to his more recent

observations on November 30, 2010.  He will also testify about his observations of the severity

of the tornado in question and the tornado damage to other homes in Columbus as well as in the immediate area of the Swinney home.

Mr. Bagdriwicz was not identified in Plaintiff's initial disclosures because he was unknown to Plaintiff at that time.  Plaintiff learned of this witness on November 12, 2010 as one of her attorneys, M. Terrence Revo, was looking for a contractor who would agree to repair the tornado damage to her home. *See* Exhibit 1 attached hereto.  During the phone conversation with Mr. Bagdriwicz, Mr. Revo learned that Mr. Bagdriwicz was familiar with the Swinney home because he had previously spent six months remodeling it for a previous owner.  After learning that Mr. Bagdriwicz had previously worked on the house and was willing to inspect the premises and discuss the repair project, Mr. Revo and the Plaintiff traveled to Columbus to meet with him on November 30, 2010.  *Id.*  At that meeting, they learned that he remembered a great deal about the house as a result of the work he had previously performed on it.  He also explained that he had repaired damage resulting from the June 30, 2005 tornado to other area homes including the home immediately to the east of Plaintiff's.  *Id.*

All of Mr. Bagdriwicz's testimony regarding his observations of the Swinney home before and after the tornado and the extent of tornado damage to nearby homes supplies critical facts underlying the primary issue in this claim: whether, as the Defendant contends, the damage was the result of the long-term settlement of the home's foundation or, as Plaintiff's experts will opine, that it resulted from the tornado of June 30, 2005.

Mr. Bagdriwicz  is preparing a bid proposal to repair the tornado damage to the Swinney home which will contain start and completion dates in 2011.  He has indicated to Plaintiff that he expects to have a bid to her by the end of 2010.  If Plaintiff accepts his bid, or the parties are otherwise able to negotiate mutually acceptable terms, both she and Mr. Bagdriwicz are expected

to testify at trial regarding the resulting contract. It is also likely that Plaintiff will introduce the contract as an exhibit.

Contemporaneous with this motion, Plaintiff is also supplementing her initial disclosures pursuant to Rule 26(e) which is timely pursuant to Rule 26(a)(3). However Plaintiff is mindful of this Court's Final Pretrial Order (Doc 195) in which it warned that witnesses and exhibits not included in a party's initial disclosures may be excluded at trial. As a consequence, Plaintiff seeks the Court's approval to call Mr. Bagdriwicz as a fact witness regarding the issues referenced above.

ARGUMENT

In *Summers v. Missouri Pacific RR System*, 132 F.3d 599 (10th Cir. 1997), the Court set out four factors for consideration when a party seeks to introduce the testimony of a witness that is identified after the deadline for designation of witness in a pretrial order has passed. Those factors are: "(1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order." *Id.* at 604 (citations omitted).

To the extent that there is any prejudice or surprise to the Defendant, it can easily be remedied by allowing the Defendant to depose Mr. Badriwisz and/or to call rebuttal witnesses. Likewise, there is no danger that allowing this testimony will disrupt the trial which is currently scheduled to begin on March 7, 2011, 82 days from the date of the filing of this motion and Plaintiff's supplemental disclosure. In *Summers,* the Court found there was no danger of disruption where there were 80 days before trial, and it cited with approval *National Distillers*

3

*and Chem. Corp. v. Brad's Mach. Prods.*, 666 F.2d 492, 497 (11th cir. 1982) where 21 days before trial was sufficient and *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971) where eight days notice was acceptable. *Summers v. Missouri Pacific RR System*, 132 F.3d at 605. Indeed, in *Dabney v. Montgomery Ward & Co., Inc.*, 692 F.2d 49, (8th Cir. 1982) the Court ruled that the District Court abused its discretion when it did not allow testimony of a newly discovered witness who was disclosed on the day of trial.

In addition to the factors outlined above, other courts have looked to additional factors in deciding whether to allow the introduction of newly discovered evidence. Those factors include the ability of the movant to have discovered the witness earlier, the validity of the reasons offered by the party, the importance of the testimony and whether the decision to amend is a matter of a new tactic or strategy. *See United Linen Wholesale, LLC v Northwest Co.*, 2010 WL 4180957 (D.N.J.).

In this case, Plaintiff came by Mr. Bagdriwicz and his first-hand knowledge of the facts and circumstances surrounding the Swinney home quite by accident in the course of trying to find several prospective contractors in the Columbus area to repair the tornado damage to the Swinney home. As Mr. Revo explained the nature of the project, Mr. Bagdriwicz informed him that he had previously done work on the very same house. It was at the meeting in Columbus on November 30, 2010 that it became apparent that Mr. Bagdriwicz was able to provide highly relevant, factual information of unique value to the trier-of-fact in this matter.

His testimony is very probative and important in that it goes to the central issue in the case, namely, whether the damage to the house was the result of a tornado or of long-term settlement. In fact, this witness has a unique and intimate knowledge of the condition of the house before and after the high winds hit this area and about the damage done to other homes

nearby.  It is not a change in tactics or strategy as this wind-versus-settlement issue has been at the heart of this claim since State Farm's initial denial.  Furthermore, both of Defendant's experts have based their opinions, in part, on the lack of damages to roof shingles at the Swinney home and the lack of downed trees in the area.  Mr. Bagdriwicz's testimony goes to the factual core of this matter in that his personal observations of the physical results of the tornado and high winds directly contradict the suppositions of the Defendant's witnesses.  Therefore, these additional factors, like the four legal factors cited above, favor allowing Mr. Bagdriwicz to testify.

## CONCLUSION

In summary, prejudice to the Defendant, if any, can be easily remedied by limited discovery.  There will be no effect on the orderly or efficient conduct of the trial, and the late disclosure is neither willful nor in bad faith.  In fact this witness was only discovered fortuitously as Plaintiff sought to find someone to repair her home.  Given those factors and the unique importance of this witness because of the intimate knowledge and unique perspective that he brings to the case, this witness should be allowed to testify in a trial of this matter.

Respectfully submitted,

**FULCHER & BROOKS LLC**

Darren Fulcher
Co-counsel for Plaintiff
106 West 11th St. Suite 1540
Kansas City Missouri 64105
(816) 474-1010
(816) 474-2011

5

**STEVEN VOGEL**

Co-counsel for Plaintiff
10400 Academy Rd. NE Suite 240
Albuquerque NM 87111
(505) 293-8888
(505) 323-1159 (fax)


**THE REVO LAW FIRM, P.A.**

M. Terrence Revo
Roger I. Smith
Co-counsel for Plaintiff
10400 Academy Rd. NE Suite 200
Albuquerque NM 87111
(505) 293-8888
(505) 323-1159 (fax)