IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | Case No: 10-2021-CM-JPO |
| COMPANY, a Foreign Corporation, ) | |
| STATE FARM ADJUSTER CODY CHAVEZ, ) | |
| and JOHN DOES 1 - 3, ) | |
|     Defendants, ) | |

**STATE FARM'S RESPONSE TO PLAINTIFF'S
MOTION TO ALLOW TESTIMONY OF DON BAGDRIWICZ**

State Farm Fire & Casualty Company ("State Farm") submits the following memorandum in opposition to plaintiff's motion to allow testimony of Don Bagdriwicz (Doc. 236).

Plaintiff's pending motion essentially seeks leave of Court to designate out of time Don Bagdriwicz to testify to: (1) the cause of alleged structural damage to her Columbus, Kansas home, and (2) repair cost. Plaintiff says that Mr. Bagdriwicz is a local contractor "newly" discovered by her lawyer during a November 12, 2010 telephone inquiry about making repairs to plaintiff's house.[1] Mr. Bagdriwicz is apparently familiar with the house, has knowledge about a June 30, 2005 tornado in and around Columbus, and made tornado-related damage repairs to other nearby homes. Mr. Bagdriwicz is expected to sometime submit to plaintiff a repair bid for her house that, if agreed upon, would enable him to testify as well about repair cost.

But discovery in this case is closed, plaintiff's expert designation date long ago

---

[1] That plaintiff "stumbled" across this witness seems dubious; another attempt to circumvent prior Orders disallowing expert damages evidence. *See*, Docs. 145, 151, 176, and 231 (denying plaintiff's several requests to designate damages expert(s) out of time.)

expired, a final pretrial order has been entered, and the parties stand ready for trial in March 2011.

Plaintiff nevertheless insists that Mr. Bagdriwicz is a "fact witness" whose testimony is "critical" to a disputed issue—whether the home's alleged structural damage is due to foundation settlement or the just noted tornado. (Doc. 236, p. 2). Plaintiff adds that Mr. Bagdriwicz's proffered testimony is intended to "directly contradict the suppositions of the Defendant's [expert] witnesses." (Doc. 236, p. 5).

Mr. Bagdriwicz may well say that the structural condition of plaintiff's house is different today than when first observed by him "many years ago." (Doc. 236, p. 1). He may also say that the June 30, 2005 tornado in Columbus necessitated tornado-related damage repairs to other homes. But this evidence is immaterial to determination of the cause of the alleged structural damage to plaintiff's house. And any opinion testimony Mr. Bagdriwicz may present on that score must necessarily be predicated on "scientific, technical, or other specialized knowledge" in order to be admissible. *F.R.E.* 702; *Compare, F.R.E.* 701 (lay witness opinion testimony permissible if not based on scientific, technical, or other specialized knowledge within the scope of Rule 702).

Rule 26(a)(2)(C)(i) and (ii), as amended effective December 1, 2010, requires plaintiff, for a non-retained expert like Mr. Bagdriwicz, to disclose: (1) the subject matter on which the witness is expected to present evidence under *F.R.E.* 702, 703 or 704, and (2) "a summary of the facts and opinions to which the witness is expected to testify." Nowhere does plaintiff's supplemental disclosure, filed contemporaneous with her pending motion, provide requisite facts or Mr. Bagdriwicz's opinions. (Doc. 237). Merely because he may have "observed" the June 2005 tornado and subsequently made repairs to other homes is no proof that the alleged extant problems at plaintiff's

house are tornado-related. Put simply, Mr. Bagdriwicz's proffered testimony leaves too much to inference instead of evidence. Its relevance, if any, is thus substantially outweighed by the risk that it will confuse the issues or mislead the jury. *F.R.E.* 403.

Plaintiff cites *Summers v. Missouri Pacific R.R. System* for the proposition that a party may in appropriate circumstances seek to introduce at trial testimony of a witness identified after the pretrial order witness designation date has passed. 132 F.3d 599 (10th Cir. 1997). But *Summers* actually undermines, not helps, plaintiff's position in this case. In the cited case, plaintiff railroad employees were exposed to diesel exhaust while occupying the defendant railroad's locomotive and alleged resulting permanent injury. The railroad referred plaintiffs for examination and treatment by Dr. Alfred Johnson. Dr. Johnson diagnosed plaintiffs with "multiple chemical sensitivity" (MCS) and opined that they were thereby disabled from railroad employment. The railroad thereafter referred plaintiffs to Dr. Thomas Chester who concluded that their exposure to diesel exhaust had resulted only in moderate carbon monoxide poisoning. With respect to plaintiff Summers, Dr. Chester thought it was possible that he was suffering from depression, not toxic exposure, and referred him for neuropsychological testing by Dr. Susan Franks. Dr. Franks, in turn, found that Summers was experiencing a probable dementia that was consistent with Dr. Johnson's MCS diagnosis.

Prior to trial, the railroad moved *in limine* to exclude the testimony of Drs. Johnson and Franks on grounds that MCS was (is) not a scientifically recognized medical condition. The District Court agreed and ruled that the doctors' opinion testimony was inadmissible under *F.R.E.* 702 and *Daubert*. *Id.*, at 604. Plaintiffs requested modification of the scheduling order and to add Dr. David Schreiber as a witness who would opine that they suffered instead from "chemical sensitivity," a

different and scientifically valid medical condition. The District Court denied the plaintiffs' motion as untimely. The case proceeded to trial and the jury returned a verdict for the railroad. Plaintiffs appealed.

On appeal, plaintiffs requested the Tenth Circuit to consider whether the District Court abused its discretion in excluding Dr. Schrieber and denying their motion for a new scheduling order, and whether the jury was correctly instructed. Finding that the trial court had abused its discretion by disallowing Dr. Schrieber the *Summers* court reversed and remanded the cause for further proceedings. In so doing, the Court considered the following four-part analysis: (1) the prejudice to the defendant, (2) plaintiffs' ability to cure the prejudice, (3) the extent to which allowing the unlisted witness to testify would disrupt the orderly and efficient trial of the case, and (4) bad faith on the part of the plaintiffs. *Id.,* at 604*.*

Applying the principles just noted, the *Summer* court found that plaintiffs' motion to add the expert was timely and that the resulting prejudice to the railroad was slight. The Court found compelling the fact that when Dr. Schrieber was added as a witness, "plaintiffs were prepared to present not only the identity of the proposed expert, *but his preliminary conclusions as well.*" *Id*., at 605. (emphasis added). Finally, the Court noted that the need for plaintiffs to add the expert was in part a function—albeit inadvertent—of the railroad's actions in repudiating the opinions of their chosen experts, *i.e.*, Drs. Johnson and Frank, and seeking to exclude them from trial. *Id.*

Again, plaintiff's designation of Mr. Bagdriwicz in this case discloses none of the expert *facts and opinions* required by Rule 26(a)(2)(C)(i) and (ii), as amended effective December 1, 2010. Nor is Mr. Bagdriwicz a "rebuttal" witness since plaintiff has failed to designate him as an expert on the issue he is proffered to rebut, *i.e.*, causation. Merely

4

identifying him as a witness provides nothing of evidentiary quality for the fact-finder to consider for rebuttal purposes.

Finally, plaintiff herself is uncertain what Mr. Bagdriwicz may testify about given that she has yet to receive, let alone accept, his repair proposal. (Doc. 26, p. 2, 3). And plaintiff has several times before in this case attempted to belatedly introduce expert damages evidence which the Court has consistently denied. *See*, Docs. 145 (striking plaintiff's damages expert Steve Ortwein; 151 (denying plaintiff's motion to extend expert deadline; 176 (striking plaintiff's supplemental damage expert designation of Steven Strzelec; 231 (striking plaintiff' supplemental damage expert designation of Larry Vorba). Plaintiff should therefore not be allowed to, under the guise of a newly discovered "fact" witness, do indirectly that which the Court has previously prohibited her to do directly. No more need be said.

For the forgoing reasons, State Farm requests that plaintiff's motion to allow testimony of Don Bagdriwicz be denied.

                                      WALLACE, SAUNDERS, AUSTIN,
                                      BROWN AND ENOCHS, CHARTERED

                        By:   /s Brian G. Boos_____
                             James L. Sanders      KS #11483
                             jsanders@wallacesaunders.com
                             Brian G. Boos         KS #13714
                             bboos@wallacesaunders.com
                             10111 West 87th Street
                             P.O. Box 12290
                             Overland Park, KS 66282
                             913-888-1000    Fax - 913-888-1065
                             ATTORNEYS FOR STATE FARM FIRE
                             AND CASUALTY COMPANY, a
                             Foreign Corporation

The undersigned hereby certifies that a true and correct copy of the above and foregoing was electronically filed with the United States District Clerk using the CM/ECF system which sent notification of such filing on the 20th day of December, 2010, to:

Darren E. Fulcher
Fulcher & Brooks, LLC
Mark Twain Towers Building
106 W. 11th Street, Suite 1540
Kansas City, MO  64106

M. Terrence Revo
Roger I. Smith
10400 Academy Road NE, Suite 200
Albuquerque, NM 87111

Steven Vogel
10400 Academy Road NE, Suite 240
Albuquerque, NM  87111
ATTORNEYS FOR PLAINTIFFS

Terry R. Guebert
P.O. Box 93880
Albuquerque, NM  87199
ATTORNEYS FOR DEFENDANTS


	/s/ Brian G. Boos
For the Firm