# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2021-CM |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This insurance coverage action is before the court on defendant State Farm Fire and Casualty Company's Motion *In Limine* to Exclude Recently Disclosed Testimony and Improper Rebuttal Testimony of Plaintiff's Expert, Stephen L. Strzelec (Doc. 207). Defendant asks the court to exclude Mr. Strzelec's testimony touching on any subject not disclosed in his original Rule 26 expert disclosure. Specifically, defendant contends that an affidavit signed on September 4, 2009 and a May 14, 2010 deposition contain new opinions not previously expressed in Mr. Strzelec's August 22, 2008 expert report. Defendant also asks the court to exclude the contents of the "Supplemental Expert Report of Stephen L. Strzelec," served July 8, 2010. The July 8 supplemental report purports to rebut the testimony of defense expert William C. Madison, but defendant contends that the supplemental report exceeds the scope of proper rebuttal. Finally, defendant claims that the court should preclude Mr. Strzelec from testifying to opinions outside the scope of his expertise.

## I. Opinions Not Included in August 22, 2008 Report

Under Rule 26(a), an expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," among other components. Fed. R. Civ. P. 26(a)(2)(B). The purpose of these disclosures is to allow "the opposing party a reasonable

opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quotation omitted). When the requirements of Rule 26(a) are not met, the offending party is prohibited from using the witness unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). To determine whether the admission of the expert opinion is justified or harmless the court looks to the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Mr. Strzelec's initial expert report identified the following opinions: (1) "An insurer must conduct an adequate and timely investigation of the claim in an effort to find coverage"; (2) "The claim handler has the obligation to conduct a thorough investigation and give due consideration to new information"; and (3) "Industry standards and the duty of good faith require the insurer to promptly pay all amounts not in dispute." (Doc. 208, Ex. A, at ¶¶ 26, 30, & 33.)

In an affidavit filed September 4, 2009 and/or a deposition taken May 14, 2010, Mr. Strzelec stated: (1) Defendant's duty of good faith and fair dealing is a "continuing duty and [defendant] must take into consideration all reports and information regarding a claim, including Contractor Ortwein's Supplemental Report" (*Id.*, Ex. B, at ¶ 22); (2) The engineer who inspected the house for defendant had incentive to find that a tornado did not cause the damage; (3) Defendant looked for a way to deny instead of pay plaintiff's claim; (4) Defendant should have interviewed a number of people in the course of its investigation; (5) Defendant violated duties to its insured; (6) The damage is covered under the policy; (7) If defendant had complied with its duty, it would have found

coverage; (8) Defendant failed in its duty to determine damages; (9) Defendant should have handled this claim as a catastrophic loss; and (10) Mr. Ortwein (who has since been struck as an expert) testified that the cost of repair to plaintiff's home is $155,639. The court will examine each of these statements.

A. Statement 1: Defendant's duty of good faith and fair dealing is a "continuing duty and [defendant] must take into consideration all reports and information regarding a claim, including Contractor Ortwein's Supplemental Report"

First, the court determines that Mr. Strzelec's September 4 opinion that defendant has a continuing duty to consider all reports and information properly follows his earlier statement that a claims handler must thoroughly investigate and consider new information. Further, defendant is not prejudiced by allowing plaintiff to present this testimony; defendant has been on notice since September 2009 of the content of the affidavit, and disclosed its own expert on bad faith and unfair trade practices after that time. The court finds no bad faith in Mr. Strzelec's slightly revised wording of his opinion, and will not strike this portion of his opinion.

B. Statement 2: The engineer who inspected the house for defendant had incentive to find that a tornado did not cause the damage

Second, whether the engineer had motive to find that the damage was not caused by a tornado is an issue that plaintiff may attempt to bring out when cross-examining defendant's engineer. It is not one that is proper for plaintiff's expert to comment on, and the court will not allow it.

C. Statements 3 and 4: Defendant looked for a way to deny instead of pay plaintiff's claim; and Defendant should have interviewed a number of people in the course of its investigation

As for the third and fourth statements identified above, the court determines that they expand on Mr. Strzelek's original opinion that defendant must adequately, timely investigate claims and

conduct a thorough investigation. Defendant claims that it has been prejudiced by the late disclosure of the specifics of Mr. Strzelek's opinion. The court respectfully disagrees with defendant's claim of prejudice. Plaintiff's deposition was taken nearly seven months ago, and nearly ten months before trial. Defendant disclosed its own expert after the deposition. And although defendant suggests that plaintiff is at fault for not detailing her theories earlier, the court notes that discovery on the bad faith issue was stayed until after the court determined whether New Mexico law would apply. (*See* Doc. 195, at 27.) The court issued a ruling that New Mexico substantive law would apply on March 30, 2010. The court denied defendant's motion to reconsider this order on May 19, 2010. Defendant's suggestion that the precise scope of Mr. Strzelec's testimony was critical to its case preparation before Mr. Strzelec's deposition on May 14, 2010 is therefore somewhat disingenuous. The court fails to see how defendant was prejudiced by the late disclosure of the detailed nature of Mr. Strzelec's opinions. Again, the court will allow Mr. Strzelek to testify in these areas.[1]

D. Statements 5, 6, and 7: Defendant violated duties to its insured; The damage is covered under the policy; and If defendant had complied with its duty, it would have found coverage

With respect to the fifth, sixth, and seventh statements identified above, the court finds that even if they had been previously disclosed, they are not the proper subjects of expert testimony. There is a claim for breach of contract pending in this case. Mr. Strzelec's opinion that the damage

---

[1] The court recognizes that its position on prejudice may be viewed as inconsistent with Judge Vazquez's ruling when she originally struck Mr. Ortwein as an expert. This court declined to reconsider Judge Vazquez's decision because plaintiff failed to meet the standards for reconsideration. But after transfer of the case to Kansas, and in light of the extended time allowed for the parties to conduct discovery on bad faith issues, the court determines that, so long as Mr. Strzelek has not unreasonably expanded his original Rule 26 expert report, any slight modification or expansion of the opinions contained therein have not prejudiced defendant, as defendant has had ample time to conduct discovery on the opinions and designate its own expert. Trial remains nearly three months away, giving defendant adequate time to prepare.

is covered under the insurance policy goes directly to the merits of the breach of contract claim. Whether defendant breached the contract is an issue for the jury, and the court will not allow Mr. Strzelec to opine on whether the claim is covered.

E.  Statement 8: Defendant failed in its duty to determine damages

The eighth statement is improper.  It is within the province of the jury to determine whether defendant failed in a duty to assess damages.  An explanation by an expert is not required.

F.  Statement 9: Defendant should have handled this claim as a catastrophic loss

As for the ninth statement regarding whether this claim should have been treated as a catastrophic loss, the court is undecided.  This testimony is new—not disclosed in plaintiff's initial disclosures.  It appears that the prejudice to defendant may be greater with respect to this statement than others.  Defendant claims that explaining the nature of catastrophic claims would require a "trial within a trial."  Defendant claims that the testimony would not only be confusing, but also irrelevant.  The court will not issue a final ruling on this area of testimony at this time.  The court is aware that another motion is pending that relates to this issue, and it will discuss this issue further when ruling on that motion, or at trial if necessary.

G.  Statement 10: Mr. Ortwein testified that the cost of repair to plaintiff's home is $155,639

Tenth, the portions of Mr. Strzelec's affidavit and supplemental report that incorporate Mr. Ortwein's opinion on the costs of repairs are not admissible.  The court has ruled that Mr. Ortwein may not testify at trial because of rule violations.  Plaintiff may not offer his testimony second-hand through the testimony of Mr. Strzelec.  This portion of defendant's motion is granted.

**II.  Improper Rebuttal Testimony**

Defendant next argues that the opinions offered in Mr. Strzelec's July 28, 2010 supplemental disclosures are improper rebuttal evidence to Mr. Madison's deposition.  But defendant has not

attached a copy of Mr. Madison's report or deposition for the court to review. The court cannot tell, therefore, whether Mr. Strzelec's testimony is proper rebuttal. The court denies this portion of defendant's motion without prejudice.

### III.  Opinions Outside the Scope of Expertise

Finally, defendant objects to a number of aspects of Mr. Strzelec's supplemental report, claiming that they exceed the scope of the expertise of a bad faith and unfair trade practice expert. Defendant contends that in several areas, Mr. Strzelec attempts to opine on issues reserved for a construction expert and an economist.

It appears to the court that Mr. Strzelec may have offered opinions in his deposition that he is not qualified to offer. For example, he testified that the rumbling and floor movement meets the definition of "collapse" under plaintiff's insurance policy. (*Id.*, Ex. C, at 16.) There is no indication that Mr. Strzelec is qualified to testify as to the cause of damage. He is not an engineer or a structural inspector. The court will not allow Mr. Strzelec to testify regarding issues outside his area of expertise.

**IT IS THEREFORE ORDERED** that State Farm Fire and Casualty Company's Motion *In Limine* to Exclude Recently Disclosed Testimony and Improper Rebuttal Testimony of Plaintiff's Expert, Stephen L. Strzelec (Doc. 207) is granted in part and denied in part.

Dated this 21st day of December 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**