# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIANE SWINNEY, )<br>)<br>Plaintiff, )<br>) CIVIL ACTION<br>v. )<br>) Case No. 10-2021-CM<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, )<br>)<br>Defendant. )<br>_____) | |

## MEMORANDUM AND ORDER

This insurance coverage action is before the court on defendant State Farm Fire and Casualty Company's Motion for Partial Summary Judgment (Doc. 205). Defendant asks the court to grant summary judgment on plaintiff's claims for (1) insurance bad faith; (2) breach of fiduciary duties; (3) New Mexico Insurance Code violations; (4) New Mexico Unfair Practices Act violations; and (5) punitive damages.

The court has reviewed the briefs of the parties and the evidence offered, and determines that genuine issues of material fact preclude summary judgment on plaintiff's insurance bad faith claim, the New Mexico Insurance Code claim, and punitive damages. The parties contest whether defendant failed to fully and thoroughly investigate the cause of damage to plaintiff's house. Because a jury could find that defendant's treatment of plaintiff's claim was unreasonable, reckless, or willful, these claims will proceed to trial. The court will discuss the claims for breach of fiduciary duty and violations of the New Mexico Unfair Practices Act in more detail below.

The breach of fiduciary duty claim—to the extent that it exists independently of the bad faith

claim in this case—is dismissed.[1] While a fiduciary duty may be present in insurance dealings, *Romero v. Mervyn's*, 784 P.2d 992, 998 n.3 (N.M. 1989), the mere fact that an insurance company insures a party does not create a fiduciary relationship, *Chavez v. Chenoweth*, 553 P.2d 703, 710 (N.M. Ct. App. 1976). Cases finding a fiduciary duty have done so in situations where an insurer takes actions on behalf of the insured. *See, e.g., Azar v. Prud. Ins. Co. of Am.*, 68 P.3d 909, 926 (N.M. Ct. App. 2003) ("[T]he fiduciary duty of an insurer is based on its exclusive control and obligations in matters pertaining to the performance of the insurance contract."). Here, defendant is not acting on behalf of plaintiff in litigation or settlement. Rather, defendant is plaintiff's adversary. The court determines that under New Mexico law, defendant did not assume a fiduciary duty to plaintiff merely by becoming plaintiff's insurer. The court grants summary judgment on this claim.

The New Mexico Unfair Trade Practices Act is also not a viable method of recovery for plaintiff. In order to recover under the Act, a party must have made false or misleading statements in connection with the sale (or lease, rental, or loan) of goods or services. *Ashlock v. Sunwest Bank of Roswell, N.A.*, 753 P.2d 346, 347 (N.M. 1988), *overruled on other grounds by Gonzales v. Surgidev Corp.*, 899 P.2d 576 (N.M. 1995). Although failing to deliver services under a contract may be actionable in some instances, those instances are limited to situations where a party made a false or misleading statement in connection with the negotiation of the contract or the contract itself. *See Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1310–12 (N.M. 1991) (declining to extend

---

[1] The pretrial order lists only four theories of recovery for plaintiff: (1) breach of contract; (2) insurance bad faith; (3) New Mexico Insurance Claims Practices Act violation; and (4) Unfair Trade Practices Act. (Doc. 195, at 17–18.) Within the description of the bad faith claim, plaintiff states that one of the ways defendant committed the tort of insurance bad faith was by breaching its fiduciary duties to plaintiff. (*Id.*, at 18.) The court does not believe that plaintiff preserved an independent claim for breach of fiduciary duty. Rather, plaintiff presents it as a method by which defendant acted in bad faith.

Act to cover every breach of contract case). Because plaintiff does not claim that defendant made misrepresentations at the time plaintiff purchased the insurance contract, the court grants summary judgment on this claim.

**IT IS THEREFORE ORDERED** that defendant State Farm Fire and Casualty Company's Motion for Partial Summary Judgment (Doc. 205) is granted in part and denied in part. The case will proceed to trial on the claims for insurance bad faith and violations of the New Mexico Insurance Code. Based on the record before the court, plaintiff may also seek to recover punitive damages, although the court may revisit this issue at trial.

Dated this 21st day of December 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**