## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIANE SWINNEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **Case No. 10-2021-CM** |
| **STATE FARM FIRE AND CASUALTY** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

### PLAINTIFF'S REPLY IN SUPPORT OF *MOTION IN LIMINE* TO ALLOW TESTIMONY OF NEWLY DISCOVERED FACT WITNESS, DON BAGDRIWICZ

**COMES NOW** the Plaintiff, Diane Swinney, (*hereinafter* "Swinney"), by and through her attorneys, Steven Vogel, The Revo Law Firm and Fulcher & Brooks, LLC, and for her Reply to State Farm's Response to Plaintiff's Motion in Limine states as follows:

### INTRODUCTION

In its response, Defendant asserts that it is Plaintiff's intention to designate Mr. Bagdriwicz to testify about the cause of the structural damage to the Columbus, Kansas home, and the repair cost. (Doc 238, p. 1). Defendant misapprehends the nature and substance of Mr. Bagdriwicz' expected testimony. Plaintiff intends to introduce Mr. Bagdriwicz as a fact witness only and will elicit no expert opinion testimony from him. His expected testimony will consist of his observations of the foundation and other parts of the house before and after the tornado. It is expected that Plaintiff's engineering expert, Mr. Vorba, will be able to explain the significance of these observations to the jury. Once he has had the opportunity to speak with Mr. Bagdriwicz, the engineering expert Larry Vorba will timely supplement his report.

The second area about which Mr. Bagdriwicz is expected to testify is about the damage to nearby homes that he observed or were repaired by him after the tornado. Defendant's expert, Mr. Fehner, has based his opinion that the Swinney home was not damaged by the tornado in part on the fact that there were no damaged shingles or broken windows in the Swinney home. Likewise, Defendant's meteorological witness has based his opinion about the wind speeds in the area on the lack of downed trees and other damage in the area.

The last area of confusion by Defendant concerns its belief that Mr. Bagdriwicz will give an opinion about the cost of repair of the home. In fact, it is anticipated that he will enter into a contract with Diane Swinney to repair her home. He will then provide factual testimony concerning what he has agreed to repair, and what he will be paid in exchange for his work. Ms. Swinney will also testify about her obligations under the home repair contract with Mr. Bagdriwicz, and her efforts to make sure the deal was reasonable to her.

## ARGUMENT

The arguments that Defendant advances regarding testimony about the condition of the Swinney home all center around alleged lack of compliance with Rule 26(a)(2)(C)(i), and (ii). (Doc 238, pp.2 and 4). Since this witness is not going to be asked to provide any expert opinions regarding the cause of the structural damages, he is not subject to the dictates of the rule concerning expert witness disclosures. Defendant concedes that this Court should consider the four-factors enunciated in *Summers v. Missouri Pacific R.R. System*, 132 F.3d 599 (10th Cir. 1997), and the only apparent argument it makes in this regard is that it is prejudiced by the lack of an expert report. Again, this witness is not being offered as an expert. Moreover, any slight prejudice to defendant can be cured as Plaintiff has agreed to extend discovery concerning this witness. It is particularly difficult to see the prejudice to this defendant since it is an insurance

company with a continuing duty of good faith and fair dealing that requires it to investigate this information regardless of its use at trial. *Knotts v. Zurich Ins. Co.*, 197 S.W.3rd 512, 517-518 (Ky, S.Ct. 2006)

Defendant's argument that the evidence of damages to nearby homes is irrelevant is likewise of no avail.  (Doc. 238, p.p. 2 and 3). Its engineer, Mr. Fehner, relies, in part, on the "lack of significant damage to wind sensitive components such as roofing, tall chimney, window glass, ceiling finishes, etc. . . ." in concluding that the damage to the Swinney home was not caused by high winds. (March 24, 2004, letter from Fehner to State Farm, page 9 is attached as Exhibit 2).  Similarly, State Farm's meteorologist based, in part, his estimate of the wind speeds on the same sorts of factors. (October 6, 2008 Assessment of wind for Swinney Residence is, page 4 attached as exhibit 3).  To say that evidence of precisely this sort of damage to nearby homes is irrelevant or of little probative value is frankly preposterous.

As plaintiff stated in her motion, she is seeking a contractor who will agree to repair the damage to her home.  Ms. Swinney anticipates that she and Mr. Bagdriwicz will be able to come to an agreement.  This is very different than the way that Defendant has characterized the anticipated testimony.  First, this is not expert testimony but is truly fact testimony.  The testimony of this witness will simply be his construction background and that he has agreed to repair the house, what repairs he has agreed to perform, and the amount of money he is to be paid in exchange for his work.  He will not offer any expert opinion regarding this.  Ms. Swinney will also testify about what she has obligated herself to pay to repair the house and the steps that she has taken to ensure that the deal is a fair and reasonable one.  Again, no expert opinions will be offered.

Defendant also seems to misconstrue this Court's previous Orders regarding the presentation of expert testimony concerning the cost to repair the home. This Court has not ruled that the Plaintiff may not prove her damages, it has just ruled that Plaintiff may not call an expert (Mr. Ortwein) to offer an opinion regarding the cost of repair. Indeed, in its Order denying Plaintiff's motion to reconsider regarding Contractor Steven Ortwein, this Court implied that it expected Plaintiff would find other means to prove its case. (See, Doc 176, p.p.3 and 4, in which the Court stated ". . . proceeding without the testimony of an expert may complicate the task of proving her case," and "[w]hile Judge Vazquez's opinion may present a difficult situation for plaintiff, it is not unfair or improper.") Therefore, Plaintiff acted well within the law, fairness and reason in finding a way to prove her damages without an expert.

## CONCLUSION

Defendant has presented absolutely no argument that Mr. Bagdriwicz should not be able to testify as a fact witness. Indeed, the only prejudice that it claims it suffers by allowing this witness to testify concerns the lack of a report that is only required of an expert witness. It does not even suggest that any of the other relevant factors favor excluding this witness. Since he is not being offered as an expert witness, there is essentially no argument by State Farm against his being able to testify. His testimony is probative to one of the central issues in this case, and he should be allowed to testify.

Respectfully submitted,

/s/ Steven Vogel
STEVEN VOGEL
10400 Academy Road NE - Suite #240
Albuquerque, New Mexico 87111
(505) 293-8888

I certify that on the 29th day of December, 2010, I filed the foregoing electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

TERRY GUEBERT
Guebert & Bruckner, P.C.
tguebert@guebertlaw.com

BRIAN G. BOOS
Wallace Sunders
bboos@wallacesaunders.com
*Attorney for Defendant State Farm*

**/s/ Steven Vogel**
STEVEN VOGEL

TERRENCE REVO
ROGER SMITH
Revo Law Firm
10400 Academy NE - #200
Albuquerque, New Mexico 87111
(505) 293-8888

PHILLIP A. BROOKS
Fulcher & Brooks, LLC
Mark Twain Tower
106 West 11th Street, Suite 1540
Kansas City, Missouri 64105
(816) 471-2111

*Attorneys for Plaintiff*