## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DIANE SWINNEY,                          )
                                        )
            Plaintiff,                  )
                                        )        CIVIL ACTION
v.                                      )
                                        )        Case No.  10-2021-CM
STATE FARM FIRE AND CASUALTY            )
COMPANY,                                )
                                        )
            Defendant.                  )
_____)

## MEMORANDUM AND ORDER

This insurance dispute is once again before the court, this time on a motion by plaintiff Diane Swinney seeking leave to disclose a newly-discovered witness out-of-time. On December 16, 2010, plaintiff filed her Motion *In Limine* to Allow Testimony of Newly Discovered Fact Witness, Don Bagdriwicz (Doc. 236). Plaintiff claims that she learned of Mr. Bagdriwicz's knowledge of facts relevant to this case on November 12, 2010, when her attorney was looking for a contractor who would agree to repair the home allegedly damaged by a tornado in 2005.

The parties dispute whether plaintiff seeks to introduce Mr. Bagdriwicz as a fact witness or expert witness. Plaintiff characterizes his anticipated testimony as that of a fact witness. Defendant claims that this is yet another attempt by plaintiff to belatedly and inappropriately introduce expert testimony on damages.

Plaintiff represents that Mr. Bagdriwicz has the following knowledge of the house at issue in this case:

- He spent six months remodeling it for a previous owner, and remembers a good deal about the home from that experience. He is expected to testify about his observations of the foundation and other parts of the house both before and after the tornado.

- He repaired other houses in the area following the 2005 tornado, including the house immediately to the east of plaintiff's house.

- He is preparing a bid proposal to repair the damage to plaintiff's house. He expects to enter into a repair contract with plaintiff and testify about what he will repair and the amount he will charge for it.

It appears to the court that plaintiff does, in fact, intend to introduce Mr. Bagdriwicz as a fact witness instead of an expert. He will testify about (1) his observations of the house; (2) his observations of other houses in the area (if the court finds it relevant and that its probative value is not substantially outweighed by the unfair prejudice to defendant—findings that are not a foregone conclusion); and (3) how much he is charging plaintiff to repair her house. Defendant may challenge his testimony as it would challenge the testimony of any other fact witness. No scientific, technical, or other specialized knowledge is necessary in order for Mr. Bagdriwicz to testify about his observations, so long as he limits his testimony to what he observed, and not the significance of those observations.

The question of whether the court will allow plaintiff to present lay testimony from Mr. Bagdriwicz, therefore, turns on the analysis of four factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citation omitted).

Defendant was likely surprised by plaintiff's motion to add another witness. And to some extent, defendant will suffer prejudice if the court allows Mr. Bagdriwicz to testify; plaintiff does

not have an expert on damages, and Mr. Bagdriwicz may bolster plaintiff's son's testimony about the condition of the house before and after the tornado. But trial is set for the court's March 7, 2011 rolling docket, leaving time for defendant to cure any prejudice by taking Mr. Bagdriwicz's deposition and, if necessary, calling a rebuttal witness. The court does not believe that allowing Mr. Bagdriwicz to testify would disrupt trial in any way. Finally, it does not appear that plaintiff is acting in bad faith with the late disclosure of Mr. Bagdriwicz. To be certain, this is at least plaintiff's third attempt to find a way to prove damages in this case. Plaintiff's attorney's continued efforts to preserve his client's case, however, do not equate to bad faith. While it may have been possible for plaintiff to have identified Mr. Bagdriwicz as a potential witness earlier, the court is not in a position to make such a judgment. And while earlier identification and disclosure may have been a better practice under the court's deadlines and rules, the court believes that in this instance, the interests of justice support allowing Mr. Bagdriwicz to testify as a lay witness.

The parties may depose Mr. Bagdriwicz. To the extent that his testimony necessitates a rebuttal witness by defendant, defendant may identify and disclose a rebuttal witness. And if Mr. Bagdriwicz's deposition testimony reveals information that requires supplementation of expert reports, the parties may supplement their reports. They should do so in an expedited manner, with the approaching trial date in mind. They should also take care not to abuse the privilege of this opportunity, seeking agreement on the proper scope of additional discovery and disclosures where possible.

The court prefers, where possible, to resolve cases on their merits, and not on technical violations of the rules. The parties have fought hard in this case over whether certain evidence should be presented as a result of perceived or actual violations of rules and orders. The court has allowed some of the evidence and disallowed some of it. In its rulings, the court has attempted to

apply the rules and the law in a fair, consistent, and correct manner, while keeping the ends of justice in mind. Both parties have zealously advocated on behalf of their clients, but the court fears that the parties may be overly focused on their differences and not on getting this case in front of the jury. The court encourages the parties to work together between now and the time of trial to present a full picture of the relevant and reliable evidence to the jury, who ultimately will decide this case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion *In Limine* to Allow Testimony of Newly Discovered Fact Witness, Don Bagdriwicz (Doc. 236) is granted.

Dated this 21st day of January 2011, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**